## OKLAHOMA PIPE LINE CO. v. PUTNAM et al.

No. 23228. Opinion Filed Oct. 25, 1932.

Rehearing Denied Feb. 14, 1933.

West, Gibson, Sherman, Davidson & Hull, for petitioner.

Champion, Champion & Fischl, for respondents.

CLARK, V. C. J. This is an original proceeding filed in this court to review an award of the State Industrial Commission made and entered on the 5th day of December, 1931, in favor of the respondent herein, C. C. Putnam, wherein the Industrial Commission found:

"1. That on or about the 15th day of March, 1931, the claimant herein was in the employ of this respondent and engaged in the performance of manual labor as defined by the Workmen's Compensation Law; that in the course of and arising out of said employment the claimant, on or about said 15th day of March, 1931, sustained an accidental personal injury when lifting a two-

inch pipe he stumbled and fell, the pipe striking him across the left leg, fracturing the tibia;

"2. That the respondent, by its duly authorized agents, had actual knowledge of the accident on the day of its happening and that any lack of formal written notice thereof has not resulted in any prejudice to respondent."

The petitioner herein bases its action to review upon four propositions.

Proposition No. 1:

"No notice of the alleged injury was given within 30 days after the alleged accident, nor was the failure to give such notice excused."

The record discloses from the testimony of the claimant below, respondent herein, that he was working on the day of the injury for the petitioner herein and that he received his injury about 11 o'clock in the morning and that he told the gang pusher that morning, who was the man that put him to work doing the work he was doing at the time of the injury, of his injury, and showed the injury to him, and the gang pusher said it would be all right in a few days. That later in the day he told the pipe line superintendent of the petitioner herein of his injury, who advised him to put some mercurochrome on it and it would get along all right in a few days. That he did not work any more on the day of the injury, after the injury, on account of the said injury, but stayed around on the job the balance of the day until the gang quit. That he did not work for the petitioner after the day of the injury. That on the night of the injury his leg commenced to swell and continued to get worse and the longer it went the worse it got. That he has tried to work since the day of the injury, but his leg gives out on him. The evidence further discloses that in the month of July, 1931, when his leg had gotten to hurting him so badly that he felt in need of medical treatment, he went to the offices of the petitioner herein and asked for medical treatment, which was refused, and he then secured his own medical treatment from Dr. Hathaway, whose report shows that he examined the respondent herein on July 28, 1931.

The Industrial Commission made the specific finding that the petitioner herein, by its duly authorized agents, had actual knowledge of the accident on the day of its happening and that any lack of formal written notice thereof has not resulted in any prejudice to respondent herein. We are of the opinion that there is competent evidence in the record sustaining the Commission in this finding and that the contention of petitioner, as set out in proposition No. 1, is without merit.

Proposition No. 2:

"There is no evidence to sustain the finding of the State Industrial Commission 'that the claimant, on or about the 15th day of March, 1931, sustained an accidental personal injury, in lifting a two-inch pipe he stumbled and fell, the pipe striking him across the left leg, fracturing the tibia'."

The claimant below, respondent herein, testified with reference to receiving an injury to his right leg on or about the 15th day of March, 1931, while in the employ of the petitioner herein, and testified to showing said injury to his immediate superior.

A witness by the name of Birchfield, called by the claimant, testified that he was present about the middle of March, 1931, at the time of the injury to respondent's leg, and that he saw the accident; that a pipe fell across his leg, that respondent herein pulled up his pants leg and his leg was bleeding a little.

The petitioner herein bases its contention with reference to this proposition that the written notice of injury of the respondent herein stated that injury was received to the left leg, and that nowhere in the testimony of the witnesses does it appear that he sustained an injury to his left leg, and that there is no evidence from any witness to sustain the Commission's finding that respondent herein was disabled from the fracture of the tibia of the left leg.

It is true that the first notice of injury and claim for compensation, filed with the Industrial Commission August 14, 1931, set out injury to the left leg. However, the record discloses that respondent herein, on the day of the accident, told his superior of the accident and showed it to him; further, the attending physician's report, filed with the Commission July 30, 1931, showed fracture to the right tibia, and the testimony of the respondent herein and the medical evidence given at the hearing was that the injury was to the right leg and not to the left leg. Therefore the award of the State Industrial Commission is hereby corrected to refer to the right leg instead of the left leg.

Proposition No. 3:

"There is no competent evidence upon which to base the Commission's finding that

54

the claimant was in the employ of the respondent on or about the 15th day of March, 1931."

This contention is without merit. The respondent herein testified that he was in the employ of the petitioner herein, the Oklahoma Pipe Line Company, in March, 1931, on the day on which he received his injury. There is evidence in the record on the part of the petitioner herein denying that the respondent herein was employed by the petitioner herein during the month of March, 1931. The Industrial Commission found that the respondent herein was in the employ of the petitioner herein on or about the 15th day of March, 1931, and while in said employ received the injury complained of. The findings of fact of the Industrial Commission on conflicting evidence are conclusive upon this court, and the testimony of the respondent herein with reference to this fact is sufficient competent evidence to support the findings of the Commission.

In proposition No. 4, the petitioner herein next complains in regard to an affidavit, filed with the Commission after the hearings had in said case, and before the order of the Commission was made and entered, wherein the affiant therein purported to state that he saw the respondent herein working on the pipe line gang about the middle of March, 1931. The petitioner herein states that this ex parte statement was received by the Commission without any notice to it and was no doubt considered by the Commission in making its order and award, and that the Commission erred in receiving and considering this ex parte affidavit. This contention is without merit.

The record does not disclose that the Commission considered this ex parte statement in making its award in this case. It is the holding of this court that where there is any competent evidence to support the award of the Commission, this court will not weigh the evidence upon which any finding of fact is based. After careful consideration of the evidence, and without considering the ex parte affidavit, we conclude that there is competent evidence supporting the finding of the Commission that respondent herein was working for the petitioner herein about the middle of March, 1931, the time he received his injury.

The award and judgment of the Industrial Commission is affirmed.

LESTER, C. J., and RILEY, HEFNER,

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.