**DEVAULT & DEITRICH, Inc., et al. v. HARRIS et al.**

No. 23892. Opinion Filed May 9, 1933.

Randolph, Haver, Shirk & Bridges, for petitioners.

Lillard, Gibbons & Wheeling, for respondent W. R. Harris.

J. Berry King, Atty. Gen., and by S. H. Lattimore, Asst. Atty. Gen., for respondent State Industrial Commission.

CULLISON, J. This is an original proceeding in this court by Devault & Deitrich, Inc., and the Travelers Insurance Company, petitioners herein, to review an order and award made by the State Industrial Commission in favor of W. R. Harris, claimant.

The record discloses that the claimant alleged that on September 3, 1931, while engaged in the course of his employment with Devault & Deitrich, he was in a shaft at the Federal, or Post Office, Building in Oklahoma City, nailing up some boards, when a vat started to fall down the shaft on him, and that in getting out of the way of the falling vat, he fell down and sprained his back. Both parties promptly filed notices of the injury with the Commission, petitioners

also filing a general denial of liability. On October 27, 1931, petitioners filed with the Industrial Commission their report of initial payment of compensation to claimant in the amount of $120. October 29, 1931, all parties filed with the Commission a stipulation and receipt, reciting that said sum of $120 was compensation paid claimant for his period of temporary total disability from September 9, to October 26, 1931, or a period of six weeks and four days, at the rate of $18 per week. The Commission disapproved said stipulation and receipt, and conducted a hearing November 18, 1931, to determine the extent of claimant's disability and to determine the liability for and reasonableness of charges of Dr. E. P. Harris. On November 27, 1931, the Commission entered its order denying the request of the doctor that the Travelers Insurance Company pay him the sum of $36 for medical services rendered claimant.

On February 15, 1932, claimant filed with the Industrial Commission his motion to reopen the case on ground of change in conditions, and to award additional compensation, alleging in said motion that as a result of the injury claimant now suffered a permanent disability. Hearings were had on April 7, 8, and 11, 1932. On June 21, 1932, the Commission entered the order and award of which petitioners complain. Said award found that, as a result of said injury, and subsequent to October 29, 1931, the claimant became and still is permanently partially disabled in his back; that, by reason thereof, claimant's wage-earning capacity has been decreased $2 per day, and awarded claimant compensation at the rate of $8 per week, from the date of filing the motion to reopen, February 15, 1932, for a period of not to exceed 300 weeks, subject to a reconsideration of the degree of such impairment by the Commission on its own motion, or upon application of any party in interest. No question is raised as to the method of computation of the compensation awarded.

Petitioners contend that there is no competent evidence in the record reasonably tending to support the award entered by the State Industrial Commission in this case.

The record shows that Dr. J. L. Walker testified that he made a complete physical examination of the claimant on April 2, 1932; that in addition to the physical examination he caused X-ray pictures to be made of claimant's back or spinal column, which revealed a hypertrophic arthritis, rather marked, involving practically the entire spinal process, together with the partial ankylosis or fixation of the thoracic lumbar; that the physical examination revealed muscular spasm of the spinal muscles. The doctor further testified:

"Q. Taking into consideration the examination made and the X-ray study and the history as given you by the claimant. do you have any opinion as to the cause of this condition of the lumbar or thoracic spine? A. Yes, sir. Q. What is that opinion as to the cause of it? A. My opinion is that this disability must be due to the trauma sustained by the claimant and due to the injury, the history further showing that he worked prior to the injury. The arthritis may have existed before and may have been there but the injury aggravated the condition. I can't say particularly whether the arthritis was there or not, it may have been. Q. But either way, couldn't the blow, or the accident, or the trauma have been the cause of the arthritis clearing up and becoming active? A. Yes, sir, that is my opinion. Q. Is the condition of this spine and lumbar region permanent? A Yes, sir. Q. Does it constitute an impairment of the claimant in the performance of ordinary manual labor? A. Yes, sir. Q. To what extent? A. Approximately 65 per cent."

We think the record shows that the Commission had before it testimony of a skilled and professional man as to the cause, nature, and extent of claimant's disability. The consideration to be given to such testimony was exclusively within the province of the Industrial Commission. Having given full credence to the testimony above quoted, the award will not be disturbed by this court, for it cannot be successfully said that the record does not contain sufficient competent evidence reasonably tending to support such an award. Nash-Finch Co. v. Olen M. Harned, 141 Okla. 187, 284 P. 633.

The petition to vacate the award is denied, and the award affirmed.

ANDREWS, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. RILEY, C. J., and SWINDALL and BUSBY, JJ., absent.