**OKLAHOMA RAILWAY CO. v. BANKS
et al.**

No. 22686.   Opinion Filed Feb. 2, 1932.

Rehearing Denied Feb. 16, 1932.

Hayes, Richardson, Shartel, Gilliland &
Jordan and J. H. Vossbrink, for petitioner.

Suits & Disney, for respondent.

SWINDALL, J. On April 27, 1931, H. E.
Banks, as claimant, filed with the State In-
dustrial Commission his first notice of in-
jury and claim for compensation against
the Oklahoma Railway Company, respond-
ent, to recover compensation for an acci-
dental personal injury alleged to have oc-
curred on or about the 27th of March, .1931,
by claimant getting cement in his eye.
Notice was given of a hearing before the
Commission on June 3, 1931. Evidence was
taken and on July 1, 1931, the Commission
made and entered of record its findings and
order as follows:

"(1)   That claimant herein on the 27th
day of March, 1931, was in the employment
of this respondent and engaged in the per-
formance of manual labor as defined by the
Workmen's Compensation Law.

"(2)   That arising out of and in the
course of such employment with respondent
herein, claimant sustained an accidental per-
sonal injury on March 27, 1931, by a piece
of concrete striking him in the right eye.

"(3)   That the average daily wage of
claimant at the time of said injury was $3
per day.

"(4)   That by reason of said injury the
claimant was temporarily totally disabled
from March 30, 1921, to May 15, 1931.

"The Commission is of the opinion, upon
consideration of the foregoing facts, that
claimant is entitled to temporary total com-
pensation, at the rate of $11.54 per week,
from March 30, 1931, to May 15, 1931, less
the statutory five-day waiting period, being
a period of six weeks and a total sum of
$69.24.

"The Commission is of the further opinion,
that claimant is entitled to permanent total
compensation for the loss of his right eye
in the amount of $1,154."

Within the time provided by law, the re-
spondent, as petitioner, commenced this pro-
ceeding against H. E. Banks and the State
Industrial Commission of Oklahoma, as re-
spondents, to review said award. Upon the
conclusion of the evidence before the Com-
mission the petitioner, as respondent before
the Commission, moved the Commission to
dismiss the application of the claimant for

the reason that no notice was given to the respondent of the accidental injury alleged to have been sustained by the claimant within a period of 30 days as prescribed by law, and in support of this motion reference is made to the evidence heretofore introduced at the hearing of this case and the evidence is made a part of this motion. The evidence was taken before an inspector and the inspector immediately overruled the motion and an exception was saved by the petitioner. The first proposition urged by the petitioner is that the record herein shows conclusively without any conflict whatever in the evidence that claimant failed to comply with the provisions of section 7292, C. O. S. 1921, and that therefore the State Industrial Commission has no statutory power or authority to make and enter its order of July 1, 1931, awarding claimant compensation for his alleged accidental injury. It is clear from the record that if the claimant sustained an accidental personal injury arising out of and in the course of his employment, the same occurred on or before the 25th of March, 1931, for the reason the record shows conclusively that the work at the place where he claims to have been injured was suspended on that date, and that he never worked there after that date. The respondent, H. E. Banks, contends that the Commission found that the accidental injury occurred on March 27, 1931, and that the claim was filed within 30 days, and further contends that the fact that claimant became ill with pneumonia a short time after the alleged accidental injury was sufficient reason for not giving written notice to the petitioner as required by section 7292, C. O. S. 1921, and further contends that his wife, someone in his behalf, gave notice to the foreman of the petitioner a few days after the accident. These contentions might be tenable if there was any competent evidence to sustain the same. However, we have searched the record and find that the undisputed evidence shows that the injury, if any, occurred to the claimant on or before March 25, 1931, that he worked for two days after the eye was alleged to have been injured, and that his eye was burning him some, and that he did not notify his foreman or the Oklahoma Railway Company or any of its proper agents. He testified that he did not become ill with pneumonia until the night before he was taken to the hospital, and that he was not taken to the hospital until the 5th of April, which is 10 days after he claims he was injured. Mrs. Wilma Banks was called as a witness on behalf of the claimant, but upon objection being made to her testifying upon the ground that she was the wife of the claimant and upon the objection being sustained, no effort was made to qualify her as a witness in the case and she did not further testify. Therefore, in our opinion, there is no competent evidence offered by the respondent to excuse his failure to give written notice as required by section 7292, supra. Respondent to sustain his contentions relies upon Oklahoma Gas & Electric Co. v. Thomas, 115 Okla. 67, 241 P. 820. The second syllabus is as follows:

"In an action to enforce compensation for an injury to an employee under the Workmen's Compensation Act, where it appears that no written notice of the injury was given, as required by section 7292, C. O. S. 1921, a want of prejudice to the employer by reason of a failure to give the written notice sufficiently appears where it is shown that the employer had actual notice of such injury, soon after it occurred, and, with full knowledge of the injury, omitted to administer any relief; and where the employee makes proof of such actual notice of his injury, the burden of proof then shifts to the employer to show that in spite of such actual notice he is still prejudiced by the failure to give the written notice."

Counsel for claimant contends that this case sustains his contentions in the case at bar. The principal distinction between that case and the case at bar is that in that case the court found that the employee made proof of such actual notice of his injury and in this case there is an entire lack of proof.

For the reasons above stated, we are forced to sustain the contention of the petitioner. The issue is foreclosed by the following decisions of this court: Oklahoma Natural Gas Corp. v. Baker, 148 Okla. 277, 298 P. 875; Velie Mines Corp. v. Rogers, 150 Okla. 185, 1 P. (2d) 353; Ford Motor Co. v. Hunt, 146 Okla. 105, 293 P. 1038; and W. E. Edmiston Drilling Co. v. Russell, 151 Okla. 108, 1 P. (2d) 374. We also call the Commission's attention to the fact that we are unable to determine from the record how they arrived at the finding that the respondent was totally temporarily disabled from March 30, 1931, to May 15, 1931. The record shows that the claimant became ill with pneumonia on April 4th and was sent to the hospital on April 5th and remained in the hospital a portion of the time for which he was allowed temporary total disability, and it was not shown that the pneumonia grew out of or was the result of any accidental injury. We also fail to find any competent evidence to show a permanent

loss of the right eye. Dr. McDonald testified on behalf of respondent and his qualification as a specialist in eye, ear, nose, and throat ailments was admitted. In response to the following question by the inspector taking the evidence for the Commission, "Doctor, from your examination, is it your opinion that this man has loss of the right eye for industrial purposes?" he answered, "I think at this time it would be impossible to state what his vision will be in a year from now." We call the attention of the Commission to this condition of the record so that in the event there is a retrial on the merits, it may further consider the evidence relative to disability.

The failure to give written notice of an injury for which compensation is payable under the Workmen's Compensation Law may be excused by the Commission either on the ground that notice for some sufficient reason cannot be given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, and when it appears that written notice has not been given as required by section 7292, C. O. S. 1921, the burden rests upon claimant to prove by competent evidence that for some sufficient reason notice could not have been given or that the insurance carrier or employer, as the case may be, has not been prejudiced thereby. Where the failure to give written notice of an injury is made an issue in a proceeding for compensation under the Workmen's Compensation Law, it is the duty of the State Industrial Commission to hear the evidence offered by the parties and make a finding in accordance with the facts excusing the failure to give such notice in writing upon one or both of the grounds authorized by section 7292, C. O. S. 1921, or refuse to excuse such failure as the facts may warrant.

Record in this case examined, and found that the State Industrial Commission has not excused failure to give notice in writing. Held, that until such failure was excused by the Commission, it was without authority to make any award for compensation. Further held, that there is no competent evidence in the record now before us to excuse failure to give notice. He may have competent evidence to excuse such failure. We will give him an opportunity to produce it.

For the reasons herein stated, the award is vacated, and this cause remanded to the State Industrial Commission to proceed consistently with the views herein expressed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and KORNEGAY, J., dissent.

Note.—See under (1) 28 R. C. L. 825; R. C. L. Perm. Supp. p. 6249; R. C. L. Pocket Part, title Workmen's Compensation, § 111.