**COLINE OIL CORP. v. VAUGHN et al.**

No. 23017. Opinion Filed May 3, 1932.

Rainey, Flynn, Green & Anderson, John P. Roemer, and L. A. Marrs, for petitioner.

C. T. Huddleston and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court to review an award of the State Industrial Commission in favor of the claimant against the respondent, the petitioner herein.

The award was for permanent partial loss of hearing in both ears. The State Industrial Commission found that the injury was sustained between March 1, to March 10, 1930. There was no finding as to notice or prejudice from failure to give notice.

The petitioner presents a number of contentions, only one of which we deem necessary to consider. That one is that the claimant did not give any notice as required by the provisions of the Workmen's Compensation Act until it filed its claim with the State Industrial Commission on January 13, 1931. That claim was dated January 12, 1931. The petitioner filed an answer in which it alleged, among other things, failure to give notice.

The only evidence with respect to notice was that of the claimant, who testified that within two or three days after the injury he told Mr. McGee, the "head roustabout," about the oil and gas from the well injuring him. He testified:

"Q. Why didn't you report, if you knew that you should report an injury, when you were injured? A. Well, I laid off to do it —it was carelessness in me that I didn't do it. Q. But you didn't do it? A. No, sir. Q. You didn't do it until you filed this claim? A. I told my head roustabout that my hearing was hurt and that my eyes was injured. Q. You didn't give notice until you filed this claim, did you? A. I gave him notice of it right away after it was all over with. By the Court: In April or May? A. Yes, sir."

He further testified:

"Q. The accidental injury you sustained to your eyes and your ears you figured came from the Warren No. 7? A. Yes, sir. Q. How long was it until you notified this man McGee? A. Something like a couple of weeks, I guess."

He further testified:

"Q. But you didn't think it would be serious at the time? A. No, sir, to tell you the truth about, I thought it would get better. Q. You didn't tell anybody about it? A. Nobody except that little under foreman."

Mr. McGee testified that the claimant never gave him any notice whatever. Mr. Hatchel testified that he was in charge of the men in the Oklahoma City field, and that the claimant never gave him any notice. Mr. Keller testified that he was in charge of the men in the field when Mr. Hatchel was not there, and that the claimant never had made any complaint to him.

The Workmen's Compensation Act requires notice of injury to be given to the employer. An excellent presentation of the

reasons for that requirement is contained in the decision of this court in Indian Territory Illuminating Oil Co. v. Davis, 156 Okla. 1, 9 P. (2d) 40, and the law with reference thereto is clearly stated in the decision of this court in Oklahoma Ry. Co. v. Banks, 155 Okla. 152, 8 P. (2d) 17, in which the authorities are set out at length. We do not think it necessary to cite additional authorities.

If the claimant was injured, he knew of his injury and he was charged with knowledge of the law requiring him to notify his employer of that injury. He did not do that, but contented himself with discussing the matter with the "head roustabout" or the "little under foreman." That conversation was in no wise notice to the employer as required by the statute.

The award of the State Industrial Commission is vacated, and the cause is remanded, with directions to dismiss the claim.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. HEFNER, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A. 86; L. R. A. 1917D, 139; 28 R. C. L. 825.