## MAGNOLIA PETROLEUM CO. v. WALLS et al.

No. 22519. Opinion Filed July 12, 1932.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Thomas H. Vick, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

PER CURIAM. Henry J. Walls, as claimant, filed his claim for compensation with the State Industrial Commission, wherein he claimed compensation against the Magnolia Petroleum Company, respondent, on account of personal injury received by reason of an accident which occurred on February 1, 1930. The said claim was filed long after the expiration of 30 days subsequent to the date of the alleged injury, and no written notice of said injury was given to the employer within the 30-day period required by section 7292, C. O. S. 1921. At the hearing had on the 26th day of March, 1931, the respondent objected to any testimony in regard to the injury, for the reason that no notice of the accident had

been given to the respondent, as required by section 7292, C. O. S. 1921, which objection was overruled and exceptions allowed. At the close of the evidence introduced by the claimant, the respondent demurred for the reason that the evidence is not sufficient to constitute any claim or cause of action against the said company, and for the further reason that the 30-day statute of limitation had run prior to the notification to the respondent of the accident, without sufficient reason being given for the failure to notify said company. The demurrer to the evidence was overruled and exceptions allowed; no evidence was introduced on the part of the respondent. Claimant's testimony tended to show that the employer had knowledge of the accident within a few days after it occurred.

The question of notice, or sufficiency of the excuse for failure to give such notice, was thus put in issue, but the Commission failed to make a finding upon same. The respondents have filed confession of error.

Under the decision of this court in Pioneer Gas Utility Co. v. Howard, 154 Okla. 239, 7 P. (2d) 435, and upon the authority of said decision, the award is vacated, and this cause is remanded to the State Industrial Commission for further proceedings.