## DOVER OIL CO. et al. v. BELLMYER et al.

No. 23326. Opinion Filed Feb. 21, 1933.

Rehearing Denied April 4, 1933.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

P. A. Sompayrac, for respondent Charles L. Bellmyer.

CULLISON, V. C. J. This is an original proceeding before this court to review an award of the State Industrial Commission made and entered on the 30th day of December, 1931, in favor of Charles L. Bellmyer, claimant. It appears from the record that claimant sustained an accidental personal injury on September 30, 1930, while in the course of his employment with the Dover Oil Company, by reason of. falling some seven feet from an oil well pulling machine to the ground, breaking claimant's ankle and injuring his back. Pursuant to several hearings held, the Commission found that claimant's earning capacity had been decreased from an average weekly wage of $21 per week to $8 per week by reason of his injury to his foot, back, and spine, and awarded claimant compensation for permanent partial disability, at the rate of $9.61 per week for 300 weeks, together with all medical, hospital, and doctor bills.

The Dover Oil Company and its insurance carrier, the Aetna Life Insurance Company, petition this court to review said award. Petitioners rely upon four legal propositions, two of which merit attention. Petitioners contend that "Where the failure to give written notice of an injury is made an issue in a proceeding for compensation, the Industrial Commission must make a finding of fact upon that issue."

The facts are that claimant did not notify petitioners in writing of his injury within 30 days thereafter, but immediately after his injury was attended by a doctor of, and paid compensation by, petitioners. The medical attention and compensation was for a strained right ankle. Almost ten months after the injury, claimant filed his first notice of injury and claim for compensation with the Industrial Commission, giving as the nature and extent of the injury, the description "broken right ankle." Some two months thereafter claimant filed an amended first notice of injury, in which he adds that by reason of the fall his back and spine have been injured.

At the opening of the first hearing in this matter, the following proceedings were had:

"By Mr. Follens: Comes now the respondent and insurance carrier and objects to the taking of any testimony or claim of injury to the back, for the reason no notice was given within the time prescribed by law, and that by reason thereof the rights of the respondent and insurance carrier were prejudiced. By the Court: Overruled. By Mr. Follens: Exception."

We observe that at the beginning of the hearing, before any evidence was taken, the petitioners raised the issue that no notice of an injury to claimant's back was given within the time prescribed by law, and that petitioners had been prejudiced thereby. The record discloses that this issue was tried before the Commission, the claimant proceeding to introduce testimony to the effect that the employer had actual notice of the "back" injury, and was therefore not prejudiced. Petitioners deny this testimony.

We further observe that the Commission failed to make a finding on this issue of notice. It appears to us that under this state of the record it was essential that the Commission make a finding upon the evi-

dence relative to the failure of the claimant to give the statutory notice. If we had here for consideration a case where there was a conflict in the evidence relative to the issue as to the claimant being employed by the respondent, or whether or not there had been a change in conditions and the evidence was in conflict, or as to whether or not the injury arose out of and in the course of employment, and the Commission failed to make a finding upon an essential issue of fact, we would be forced to set aside the award and remand the cause to the Commission to make a proper finding. It is just as essential under section 7292, C. O. S. 1921 [O. S. 1931, sec. 13358], that written notice be given to the employer or the insurance carrier, or that the same be excused by the Commission, as it is that they pass upon the other facts above indicated.

The settled rule is that where it appears that written notice has not been given as required by section 7292, C. O. S. 1921 [O. S. 1931, sec. 13358], the burden rests upon claimant to prove by competent evidence that for some sufficient reason notice could not have been given, or that the insurance carrier or employer, as the case may be, has not been prejudiced thereby. This is the burden of proof placed upon claimant by law, and when claimant offers proof to sustain the issue, then the procedure shifts to the other party to offer proof upon that issue, and it is then for the Industrial Commission, in cases coming within its jurisdiction, to weight the evidence and make a finding and determination of the facts, and where it fails to do so, the cause will be reversed and remanded to it to perform that duty. Pioneer Gas Utilities Co. v. Howard, 154 Okla. 239, 7 P. (2d) 435.

Petitioners next contend:

"Where there is no evidence of a request for medical treatment by the claimant and no evidence of a refusal of treatment, by the employer, an allowance for medical expense in an award of the Commission is not warranted."

The rule applicable to this contention, with its exceptions, is section 13354, Okla. Stats. 1931. In construing this section this court has many times held that claimant is not entitled to recover for medical, etc., treatment, where he fails to comply with the positive provisions of said section. The uniform holding is that only where the employer fails to provide medical or surgical attention may the employee, at the expense of the employer, secure such services. Federal Min-

ing & Smelting Co. v. Montgomery, 148 Okla. 145, 297 P. 240.

In the case at bar the record is not clear as to the itemized or total amount owing for medical attention to claimant, the award being a blanket award for "all medical, hospital, and doctor bills incurred by reason of said accidental injury."

At no time does the record disclose that the petitioners failed or refused to furnish claimant medical attention, but, on the contrary, the record positively shows that they furnished claimant medical attention immediately after his injury. The record does not disclose that claimant ever secured an order from the Industrial Commission to change physicians at the expense of the employer. Neither does it disclose that any necessity arose for emergency treatment to claimant which the petitioners refused, all these exceptions to the general rule being expressly provided for in section 13354, Okla. Stats. 1931, above referred to.

The record shows that the employer furnished claimant with the medical services of Dr. L. D. Hudson, who had been claimant's family physician, and later had claimant examined by Dr. Fred A. Glass upon two occasions, and by Dr. H. C. Webber upon another occasion. The charge for this medical attention was incurred by petitioners and not the claimant. The record does not show that Drs. H. V. Crawford and E. E. Beechwood, who examined claimant together, and testified in his behalf, were employed by petitioners, or by the claimant in any of the events specifically provided for in section 13354, supra. Therefore, their expenses could not lawfully be charged against petitioners in such a blanket award for medical attention.

On this contention of petitioners, we hold: That where the employer provided adequate medical attention as prescribed by section 13354, Okla. Stats, 1931, but the employee voluntarily received additional services elsewhere, an award of the State Industrial Commission to pay all medical, hospital, and doctor bills occasioned as a result of the injury, where the employer performed all duties as required as to hospitalization, is vacated as being void as to all medical services not given by petitioners to claimant, the fact that the employee secured medical attention elsewhere attaches no liability to the employer and its insurance carrier.

The two remaining contentions of petitioners have been passed upon by this court

numerous times, and need not be discussed.

Record in this case examined, and found that the State Industrial Commission has not excused failure to give notice in writing as to the "back" injury. Held, that until such failure was excused by the Commission, it was without jurisdiction to make any award for compensation which would take into consideration the "back" injury allegedly sustained by claimant. Further held, under the facts disclosed by the record, that the blanket award for medical services should be modified to exclude payment by petitioners for additional medical services voluntarily received elsewhere by claimant. For the reasons herein stated, the award is vacated and this cause remanded to the State Industrial Commission to proceed consistently with the views herein expressed.

RILEY, C. J., and SWINDALL, OSBORN, BAYLESS, and BUSBY, JJ., concur. ANDREWS, McNEILL, and WELCH, JJ., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 86; L. R. A. 1917D, 139; L. R. A. 1918E, 557; 28 R. C. L. 825. (5) annotation in L. R. A. 1916A, 261; 7 A. L. R. 545; 28 R. C. L. 822; R. C. L. Perm. Supp. p. 6246.