## TIDAL REFINING CO. v. BALLARD et al.

No. 24262. Opinion Filed May 9, 1933.

260

Y. P. Broome and J. C. Willhoit, for petitioner.

L. V. Reid, H. V. Lewis, and Rayford S. Reid, for respondents.

BAYLESS, J. This is an original action to review an award of the State Industrial Commission.

Wm. E. P. Ballard, hereinafter called claimant, was employed by the Tidal Refining Company, hereinafter called petitioner, as a general yard workman. Claimant filed with the State Industrial Commission, on May 11, 1932, an employee's first notice of injury, giving the date of the accidental injury as "about January 25, 1932," caused by acid fumes getting "in eyes, head and lungs." To this claim a response was filed May 25, 1932, alleging failure to give written notice of the accidental injury within 30 days, as required by statute, and denying liability by reason thereof. After several hearings were had, the Commission, on October 28, 1932, made an award. Thereafter the petitioner filed a motion designated "Request for Findings of Fact," which motion contained the following paragraph:

"The respondent respectfully requests, therefore, either that an amended order be entered herein to include a finding by the Commission as to whether or not respondent received notice of the injury to claimant, or, if the Commission finds that no notice was given, as to whether or not respondent was prejudiced thereby, or, that the Commission enter a supplemental order herein covering such findings."

Thereafter, on 11th day of November, 1932, the Commission made a "Supplemental Order," which, in part, is as follows:

"The Commission therefore finds that said order of the Commission, as made in this cause on the 28th day of October, 1932, should be amended and corrected, and that this additional finding of fact should be set out in said order, to wit:

"That within 30 days from the date of said accidental injury, the claimant gave the respondent oral notice of said accidental injury, and that the respondent had actual knowledge of said accidental injury within 30 days, and was not prejudiced by the failure of the claimant to give written notice of said accidental injury."

The petitioner prosecutes its appeal from this order and the prior order of October 28, 1932, and relies upon several assignments of error. We think the first assignment of error—

"There is no evidence to support the findings of the Commission, 'The claimant gave the respondent oral notice of said accidental injury and that the respondent had actual knowledge of said accidental injury within 30 days and has not been prejudiced by the failure of the claimant to give written notice of said accidental injury' "

—is decisive of this appeal, and we deem it unnecessary to discuss the other assignments complained of.

The evidence as to giving notice of the injury consists solely of the testimony of the claimant. He testified that he did not report the accident to the foreman for the reason that some one had told him he would lose his position if he repored the accident. He does testify that two foreman of said company, in charge of the work and employed by said company, came to his house and inquired of him concerning his condition, but he did not testify as to who sent the foremen to his house, if they were sent, or for what purpose they came. He does not say that they asked him if he was injured, or how he was injured, or when, nor does he testify that he gave them such information. He at no time testified that he requested medical assistance, although some reference is made in the record to the fact that the physician to whom he said he went was a company physician, but we do not find any witness testifying that claimant was sent to the company physician.

The record shows that claimant was working for a corporation, and it nowhere shows that he gave either oral or written notice to any agent or officer of the corporation, or to any one in charge of the business where reports of accidents are usually made.

The facts of each case are likely to be different from those of all other cases, and the most that this court has been able to do is to lay down a general rule and to judge the different sets of facts arising in these appeals thereby. The general rule has been announced in the case of Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. (2d) 177, as follows:

"Where claimant fails to give to the Commission and to the employer notice in writ-

ing of an injury for which compensation is payable under the Workmen's Compensation Law within 30 days after injury and seeks to excuse such failure upon the ground that the employer had actual notice of the injury, the claimant must prove that the employer had actual notice of the time, place, nature, and cause of the injury, and, if the employer be a corporation, then such actual notice must be to an agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred, or a superintendent or foreman in the place where the injury occurs, and required, in the latter instance, under the rules of the company to report accidental injuries to the employer."

The claimant contends that this matter being a question of fact, the Commission has determined that fact, and that there is sufficient evidence to support said finding. In answer to this contention, we feel that the rule laid down in Continental Oil Co. v. Pitts, 158 Okla. 200, 13 P. (2d) 180, is applicable, wherein we held:

"We are fully aware of our decisions holding that under the Workmen's Compensation Law the findings of fact of the Commission in industrial cases should be followed, but the qualifier is that there must be evidence reasonably tending to support the award."

For the reasons above stated, we, therefore, hold that there is no evidence reasonably tending to support the findings of the Commission that claimant gave employer notice as contained in its supplemental order quoted herein.

The award is, therefore, vacated, and the cause remanded.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. RILEY, C. J., absent.