## OKLAHOMA RAILWAY CO. v. BANKS et al.

No. 23,669.    Oct. 31, 1933.

Hayes, Richardson, Shartel, Gilliland & Jordan and J. H. Vossbrink, for petitioner.

Suits & Disney, for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent before the State Industrial Commission to procure a review of an award in favor of the claimant therein. The parties herein will be referred to as petitioner and claimant.

On April 27, 1931, the claimant filed with the State Industrial Commission a first notice of injury and a claim for compensation in which he stated that he was injured on or about March 27, 1931, while employed as a common laborer by the petitioner, resulting in disability to his right eye. The petitioner filed an answer in which it alleged that it had never been given notice of the injury as required by the provisions of the Workmen's Compensation Act.

An award was made in favor of the claimant, which award was vacated by this court because of failure to give notice of the injury or excuse of such failure. Okla-

homa Railway Co. v. Banks, 155 Okla. 152, S P. (2d) 17.

Thereafter the State Industrial Commission proceeded to hear further evidence. On April 23, 1932, it found that the petitioner had actual knowledge of the accident within 30 days after the date of the accidental injury, and that it was not prejudiced by failure of the claimant to give written notice of the injury. It made an award based on that finding.

The record shows that the claimant does not know the date on which he was injured. There is nothing in the record to support the finding of the State Industrial Commission that the respondent had actual knowledge of the accidental injury within 30 days of the date thereof, and there is nothing in the record to show that the petitioner was not prejudiced by failure to give that notice. The claimant admits that he worked a couple of days after his eye was injured and that he did not tell the foreman or anyone else on the job about any injury. While he says that he told his wife and a neighbor and a doctor in the hospital where he was later taken for treatment for pneumonia, there was a failure to comply with the requirement of the statute as to notice.

The provisions of the Workmen's Compensation Act impose some duties on the injured workman. One of those is to notify his employer of the injury. There is nothing in the record to show any excuse for failure to give proper notice to the employer in this case.

In Coline Oil Corp. v. Vaughn, 157 Okla. 101, 11 P. (2d) 121, this court held:

"When it appears that written notice has not been given, as required by section 7292, C. O. S. 1921, the burden rests upon claimant to prove by competent evidence that for some sufficient reason notice could not have been given, or that the insurance carrier or employer, as the case may be, has not been prejudiced thereby."

See, also Indian Territory Illuminating Oil Co. v. Davis, 156 Okla. 1, 9 P. (2d) 40, and Oklahoma Railway Co. v. Banks, supra.

Findings of fact made by the State Industrial Commission are conclusive where there is any competent evidence to support the same, but where there is an entire absence of evidence on which to base the material findings necessary to support an award of compensation, this court must declare, as a matter of law, that the award based on such unsupported material findings

is unauthorized. Gypsy Oil Co. v. Jackson, 158 Okla. 139, 12 P. (2d) 694.

The award of the State Industrial Commission is vacated.

RILEY, C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur. CULLISON, V. C. J., and BAYLESS, BUSBY, and WELCH, JJ., absent.