## GREER COUNTY GINS et al. v. DUNNINGTON et al.

No. 24955.  Nov. 21, 1933.

Rehearing Denied Dec. 12, 1933.

John F. Butler, for petitioners.

Herman S. Davis, for respondents.

BAYLESS, J.  Greer County Gins and its insurance carrier, Casualty Reciprocal Exchange, hereinafter called petitioners, petition this court for a review of an award made in favor of C. R. Dunnington, an injured employee, hereinafter called claimant.

The petitioners present three propositions, namely:

"1.  There is no evidence that the claimant sustained an accidental personal injury arising out of and in the course of his employment.

"2.  There is no evidence that claimant gave notice of his alleged injury within the time accorded by law.

"3.  Said order and award is contrary to law and invalid for the reason the Industrial Commission did not excuse the failure to give notice, either on the ground that notice could not have been given, or that the employer and insurance carrier were not prejudiced thereby."

We will not discuss proposition No. 1 herein for the reason that it involves the evidence concerning the accidental personal injury, and it is possible that the Commission may desire to rehear this matter further and that the parties may desire to introduce further evidence with regard thereto.

Concerning propositions Nos. 2 and 3, we have this to say: The petitioners defended the case before the Commission upon the ground that notice of the accidental personal injury had not been given to them as provided by section 13358, O. S. 1931 (sec. 7292, C. O. S. 1921). Evidence was introduced upon this issue, but we are not going to attempt to say whether or not there is any competent evidence on this issue to support the award, because the Commission made no finding thereon. We are unable to say what the Commission intended to find with reference thereto. It may have intended to find that notice was actually given within 30 days, or, if it was not, that it was excused or did not result in prejudice to the petitioners. When such an issue is made in the pleadings before the Commission and in the evidence introduced, it is the duty of the Commission to make a finding thereupon. We have passed upon this matter before in the cases of Pioneer Gas Utilities Co. v. Howard, 154 Okla. 239, 7 P. (2d) 435; Okla. Ry. Co. v. Banks, 155 Okla. 152, 8 P. (2d) 17; Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. (2d) 177; Magnolia Petroleum Co. v. Walls, 158 Okla. 199, 13 P. (2d) 147; and Dover Oil Co. v. Bellmyer, 163 Okla. 51, 20 P. (2d) 556, and we have consistently held what was said in the case of Dover Oil Co. v. Bellmyer, supra:

"We further observe that the Commission failed to make a finding on this issue of notice. It appears to us that under this state of the record it was essential that the Commission make a finding upon the evidence relative to the failure of the claimant to give the statutory notice. If we had here for consideration a case where there was a conflict in the evidence relative to the issue as to the claimant being employed by the respondent or whether or not there had been a change in conditions and the evidence was in conflict, or as to whether or not the injury arose out of and in the course of employment, and the Commission failed to make a finding upon an essential issue of fact, we would be forced to set aside the award and remand the cause to the Commission to make a proper finding. It is just as essential under section 7292, C. O. S. 1921, that written notice be given to the employer or the insurance carrier or that the same be excused by the Commission as it is that they pass upon the other facts above indicated."

We are therefore vacating the award of the Commission, with directions to take fur-

ther proceedings not inconsistent with the views herein expressed.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS and WELCH, JJ., absent.