### EVANS-WALLOWER LEAD CO. v. BYRD et al.

No. 26451.   Nov. 19, 1935.

A. C. Wallace, for petitioner.

A. L. Commons, Gayle Pickens, and the Attorney General, for respondents.

PER CURIAM. This is an original action in this court by the petitioner Evans-Wallower Lead Company, seeking the review and vacation of an award made by the State Industrial Commission in favor of the respondent George Byrd.

Respondent filed a claim with the State Industrial Commission on September 24, 1934, seeking compensation for an alleged accidental injury occurring on November 15, 1933.   The petitioner filed an answer denying liability and alleging failure of the respondent to give notice as required by statute and a lack of actual notice or any notice whatsoever for more than ten months after the occurrence of the alleged injury and prejudice resulting to the petitioner by reason thereof.

The question of notice or sufficiency of excuse for failure to give such notice was thus put in issue, but the Commission failed to make any finding thereon.   It was the mandatory duty of the Commission to make a finding upon this issue based upon competent evidence before it, either excusing such failure should the evidence warrant such action or else denying the claim for lack of jurisdiction; the burden of proof upon the issue being upon the claimant.   Under the authority of Greer County Gins v. Dunnington, 166 Okla. 302, 27 P. (2d) 630; Dover Oil Co. v. Bellmyer, 163 Okla. 51, 20 P. (2d) 556; Magnolia Petroleum Corp. v. Walls, 158 Okla. 199, 13 P. (2d) 147; Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. (2d) 177; Oklahoma Ry. Co. v. Banks, 155 Okla. 152, 8 P. (2d) 17; Pioneer Gas Utilities Co. v. Howard, 154 Okla. 239, 7 P. (2d) 435, the award is vacated and the cause remanded to the Industrial Commission for such further proceedings as the facts may warrant.

Award vacated and cause remanded.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.