## DOVER OIL CORPORATION et al. v. BELLMYER et al.

No. 25242.  Nov. 26, 1935.

Pierce, Follens & Rucker, for petitioners.

P. A. Sompayrac and Shipman & Lewis, for respondents.

BAYLESS, J.  This is an original proceeding in this court by the Dover Oil Corporation, hereinafter called petitioner, and the Aetna Life Insurance Company, its insurance carrier, hereinafter called company, to review an award of the Industrial Commission, awarding compensation to Charles L. Bellmyer, one of petitioner's employees, who is hereinafter called claimant.

The record discloses that claimant, while employed in a hazardous occupation by petitioners, received an injury on September 30, 1930, arising out of and in the course of his employment, from falling off of a pulling machine. Employee's first notice of injury was filed with the commission July 8, 1931, which showed the nature and extent of the injury to be a broken ankle; an amended notice was filed September 5, 1931, showing broken ankle and injury to spine.

The first award was entered December 30, 1931, which was vacated by this court and the cause remanded, with directions to Industrial Commission to make finding excusing failure to give notice in writing, as a condition precedent to an award in favor of claimant. See Dover Oil Co. v. Bellmyer et al., 163 Okla. 51, 20 P. (2d) 556.

On receiving the mandate, the commission conducted two hearings to determine whether petitioners had actual notice or were prejudiced by failure to give notice. Thereafter the commission made an order correcting its former order and finding that petitioners had actual notice of claimant's ankle, back and spine injury, and were not prejudiced by failure of claimant to give written notice. From this order and finding the petitioners bring this appeal, contending, in substance: That said award is void and contrary to law for the reason there is no competent evidence to sustain the finding "that petitioners had actual notice of claimant's injury to his * * * back and spine." Petitioners admit that they had actual notice of claimant's ankle injury, and that he is entitled to an award for whatever compensation that may be due him by reason thereof.

We desire to refer briefly to the testimony introduced on behalf of claimant, in so far as it becomes pertinent to the question of actual notice of the injury to the back and spine. Claimant testified that immediately after the accident and for some six or eight months following, Dr. Hudson treated him on order of petitioners; that in giving Dr. Hudson the history of his injury, claimant told him of his back injury and the doctor examined his back twice and gave him some internal medicine for the pain and ordered him to lie flat on his back for ten days. Presumably, this testimony was introduced for the purpose of establishing notice of the injury to the employer, through Dr. Hudson. However, we must exclude this testimony from our consideration of notice to the petitioner (employer), because notice to the employer's physician would not constitute notice to the employer, unless it could be established that he was an agent, officer, superintendent or foreman of the corporation, upon whom legal process may be served, as provided by section 13358. O. S. 1931. There was no attempt on behalf of claimant to establish any such connection with the employer as to constitute him a service agent for the employer.

Claimant further testified that he told a

man who represented the company (petitioner's insurers), while in bed and about ten days after the accident, that "my back was hurting me awful—killing me," and about two months after the accident claimant had a conversation with an insurance man representing the company (but claimant was unable to remember his name or distinguish between the two agents of company) in which he told the insurance man that "* * * my back was hurting me so I couldn't hardly live and that I had pain and misery"; that about six months after the accident claimant testified he told Mr. Ford, representing the company, "I told him my back was hurting me." We have quoted all of the material testimony of claimant tending to establish notice to company of his back injury. It is contended that this is sufficient notice to the petitioners and company to constitute actual notice of the injury to his back and spine within the meaning of section 13358, supra. With this contention we cannot agree.

We said in Tidal Ref. Co. v. Ballard et al., 163 Okla. 259, 21 P. (2d) 1054 (quoting from Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. (2d) 177):

"Where claimant fails to give the Commission and to the employer notice in writing of an injury for which compensation is payable under the Workmen's Compensation Law within 30 days after injury and seeks to excuse such failure upon the ground that the employer had actual notice of the injury, the claimant must prove that the employer had actual notice of the time, place, nature and cause of the injury, and if the employer be a corporation, then such actual notice must be to an agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred, or a superintendent or foreman in the place where the injury occurs, as required, in the latter instance under the rules of the company to report accidental injuries to the employer."

See, also, Greis, Trustee, v. Rounsiville, 173 Okla. 189, 46 P. (2d) 905.

We think the statements made by claimant fall short of constituting the "actual notice" required in Tidal Ref. Co. v. Ballard et al., supra. Giving claimant's statements to the insurance company's representatives their strongest possible interpretation, we cannot say that there was anything in the reported "back pains" that would serve as notice to the employer that claimant's back was injured at the same

time and in the same accident as his ankle injury.

In addition to this, giving claimant's statements to the attending physician, furnished by the company, their strongest possible interpretation, we cannot say that they were of such a character as to lead the attending physician to believe that claimant was suffering these back pains as a result of the injury instead of said pains being suffered as a result of confinement to bed with the consequent limitation of motion and activity. The subsequent conduct of the claimant justifies the conclusion which we have reached concerning his alleged statements to the insurance company's representatives and to the attending physician. The evidence shows that the claimant was injured September 30, 1930, and received compensation until June 24, 1931, although according to the report of the employer the injuries were entirely healed January 31, 1931, and no treatment was afforded thereafter. The employer moved to discontinue compensation. The claimant on July 8, 1931, filed his notice of injury and described his injury as "broken right ankle" and described his permanent disability as "stiff ankle." No mention was made in this claim of an injury to the back, although claimant testified that he had, months previously, reported the injury to the insurance company's representative and the attending physician. Never until September 5, 1931 (lacking less than a month being one year from the date of the injury) did the claimant make any written formal claim of an injury to his back. It does not seem reasonable or logical to us that claimant would omit from his first written claim any mention of the injuries to his back, which he later testified caused him such constant pain from the very time of the accident.

This case differs from those cases (such as Producers & Refiners Corp. et al. v. Bumpass et al., 163 Okla. 157, 21 P. (2d) 510, and Chicago Bridge & Iron Works v. Lawson et al., 163 Okla. 224, 22 P. (2d) 86) in which we have held that an injured employee is not bound to know or to gauge the extent of his injuries nor their future developments. We are not holding that claimant was bound to know that he injured his back, nor that he was bound to know that it would bother him in the future. His testimony makes it plain that he did know of the injury to his back from the very time of the accident. We are con-

fronted, then, with a different question, to wit, since he did know of the injury to his back from the very first, has he shown that he gave his employer written notice, or that the employer had actual notice thereof, or was not prejudiced by a failure to receive notice of the injury? We are holding in answer to this question that the evidence introduced was insufficient to show actual notice on the part of the employee. Since the burden rested upon the claimant to show actual notice, or in lieu thereof a lack of prejudice, no burden rested upon the petitioner to show prejudice until the claimant showed either actual notice or made some effort to prove that the petitioner was not prejudiced. The claimant did not show actual notice and made no effort to show that no prejudice resulted: hence, the burden of going forward with the proof never shifted to the petitioner, and the claimant still rests under the burden of showing that no prejudice resulted.

We therefore vacate the award and remand the cause to the Industrial Commission, with directions (1) to determine upon a retrial whether the employer has been prejudiced by failure to give notice of injury; (2) if it is determined that the employer has not been prejudiced, then the Commission should determine the amount of compensation due by reason of the injury to his back and ankle; (3) in the event it is determined that the employer has been prejudiced by failure to give the notice, then (4) the Commission is directed to determine the amount of compensation due claimant by reason of the injury to his right ankle.

McNEILL, C. J., and WELCH, PHELPS, and CORN, JJ., concur.