## GRANT & ENGLE TUBING CO. et al. v. COPPIN et al.

No. 26715.   Dec. 15, 1936.

H. C. Thurman, Byrne A. Bowman, and Harold C. Thurman, for petitioners.

Fred M. Hammer, Ray Teague, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an appeal from an order of the State Industrial Commission entered on the 21st day of September, 1935, vacating its former order and reinstating its order of July 12, 1935, granting temporary total disability to the claimant. The commission found that the claimant sustained an injury to his back on September 10, 1934, and ordered payment in accordance with its finding. As a result of the injury the claimant was operated on for hernia on the 14th day of November, 1934, and was paid the eight weeks' compensation as provided by the statute, together with the expense for hospitalization.

On December 1, 1934, claimant filed his notice of injury, and at the first hearing thereon, on January 21, 1935, respondent appeared and objected to any proceedings for the reason that the claimant had never reported any injury to it other than the hernia, and alleged therefore that the State Industrial Commission was without jurisdiction to enter any order for compensation for an injury to his back for the reason that no written notice had been given to the respondent of any back injury.

Under such statement and the evidence as introduced, notice, or the excusing thereof, became an issue. In Dover Oil Corp. v. Bellmyer, 175 Okla. 19, 52 P. (2d) 761, in discussing a claim made for a broken ankle, in which cause this court also considered the reopening of the claim to establish a back injury, we said:

"Claimant further testified that he told a man who represented the company (petitioner's insurers), while in bed and about 10 days after the accident, that 'my back was hurting me awful—killing me,' and about two months after the accident claimant had a conversation with an insurance man representing the company (but claimant was unable to remember his name or distinguish between the two agents of the company), in which he told the insurance man that '* * * my back was hurting me so I couldn't hardly live and that I had pain and misery'."

Respecting this statement we said:

"We think the statements made by claimant fall short of constituting the 'actual notice' required in Tidal Ref. Co. v. Ballard et al., supra (163 Okla. 259, 21 P. (2d) 1054). Giving claimant's statements to the insurance company's representatives their strongest possible interpretation, we cannot say that there was anything in the reported 'back pains' that would serve as notice to the employer that claimant's back was injured at the same time and in the same accident as his ankle injury."

In the syllabus of that case we said:

"When it appears that written notice has not been given as required by section 13358, O. S. 1931, and that fact is made an issue in the trial before the State Industrial Commission, and where the record discloses that the employer did not have actual notice of the accidental injury, the burden rests upon claimant to prove by competent evidence that for some sufficient reason notice could not have been given or that the insurance carrier, or employer, as the case may be, had not been prejudiced thereby."

In Southwestern Light & Power Co. v. Pittman, 174 Okla. 296, 50 P. (2d) 298, we said:

"Where the failure to give written notice of an injury is made an issue before the

State Industrial Commission in an action for compensation under the Workmen's Compensation Law, it is the mandatory duty of the State Industrial Commission to make a finding upon that issue, and where the record shows that such issue was presented and the commission failed to make a finding thereon, this court will vacate the award and remand the cause for further proceedings."

To the same effect see Evans-Wallower Lead Co. v. Byrd, 174 Okla. 626, 51 P. (2d) 497.

One of the chief contentions of the respondent in the industrial court was that a notice of a hernia was no notice of a back injury. One of the grounds urged for the vacating of the award is that there was no notice of a back injury.

Under the above authorities it became the mandatory duty of the commission to make a finding of fact as to notice, and having failed to do so, we are of the opinion and hold that the award should be vacated and the cause remanded to the Industrial Commission for proceedings not inconsistent with this opinion.

OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.