PINE VALLEY LUMBER CO. et al. v. ROBINSON et al.

No. 28040.   Jan. 18, 1938.

Rehearing Denied March 8, 1938.

McPherren & Maurer, for petitioners.

Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 19th day of June, 1936, Louie Henry Robinson filed employee's first notice of injury, stating that on the 28th day of February, 1936, he sustained an accidental injury to his back and dislocated a kidney while he was trying to arrange a dolly load of lumber so that it could be moved. He was employed as a common laborer for the Pine Valley Lumber Company.

On June 30, 1937, the State Industrial Commission entered an award finding that the said Louie Henry Robinson sustained an accidental injury on February 28, 1936, resulting in a back injury and dislocated kidney, and that thereby he was permanently and partially disabled, resulting in a total loss of wage-earning capacity. He was awarded 66-2/3 per cent. of his average weekly wages at $8 per week for not to exceed 300 weeks.

The Pine Valley Lumber Company and Herbert Dierks and Walter A. Graff, receivers, seek by this action to review said award. The parties will be referred to as petitioners and respondent.

Respondent for himself testified that on the 28th day of February, 1936, while employed by petitioners, he was trucking and stacking lumber in the plant of the Pine Valley Lumber Company; that he had a load of lumber and all the lumber was on one end of the truck; that he went back to raise it up and something tore loose in his side while he was lifting the lumber; that the accident happened between 3.30 and 4 o'clock in the afternoon; that he reported the injury to C. H. Hunter, the party to whom such reports should be made; that Hunter told him to go to the doctor; that he went to Dr. Smith, the company physician at Pine Valley, the same day, who examined him and he returned to the hospital the next day, and Dr. Jones did not examine him because he was too sore, but told him to come to the hospital at De-Queen, Ark., on the 7th day of March; that he went to the hospital on the 7th day of March, 1936, and was sent to a kidney specialist; that he received treatment from this time; that since the 6th day of March, 1936, he has been unable to work and has not worked.

Dr. R. S. Love testified for the respondent that he examined respondent after obtaining his history and found severe pain in the kidney region, and that there was a palpable mass in his right side and the patient was tender upon deep pressure; that he was unable to stoop over and lift any object from the floor on account of severe pain in the back; that an X-ray showed a displacement of the right kidney; that respondent is unable to perform manual labor and is totally and permanently disabled; that in his opinion such disability is a result of the accidental injury of February 28, 1936. This testimony was corroborated as to the extent of disability by other qualified physicians.

The testimony was all contradicted in substance. Although Mr. Hunter did not categorically deny having been notified by respondent he did deny any recollection of such notice. The giving of notice was a question of fact. The State Industrial Commission found notice was given. The wording of the order is to the effect that the petitioners had notice of said injury within the time prescribed by law and furnished the respondent medical treatment therefor.

The petitioners have properly raised the issue of notice in this proceeding.

When the issue of notice as provided by section 13358, O. S. 1931, is presented, it is the duty of the State Industrial Commission to consider that issue. Bellmyer v. Dover Oil Co., 18 Okla. 181, 71 P. (2d) 973; Greer County Gins v. Dunnington, 166 Okla. 302, 27 P. (2d) 630; Dover Oil Corporation v. Bellmyer, 175 Okla. 19, 52 P. (2d) 761; Velie Mines Corp. v. Rogers, 150 Okla. 185, 1 P. (2d) 353; Evans-Wallower Lead Co. v. Byrd, 174 Okla. 626, 51 P. (2d) 497. It is presented when the employer denies that he has had notice as provided by section 13358, supra. If on the hearing of the cause before the State Industrial Commission the undisputed evidence discloses that the employer had actual notice of the injury within 30 days, the issue of notice is eliminated, and it is not necessary for the State Industrial Commission to make any finding on the issue of notice unless the employer proceeds to introduce evidence showing that despite the notice within 30 days, he has been prejudiced by a failure to give

the statutory written notice. Protho v. Nette, 173 Okla. 114, 46 P. (2d) 942.

Actual notice is such notice within 30 days as causes the employer to know the nature of the accident and the cause thereof, so that it is to be presumed he cannot claim that he has been prejudiced by the failure to give the written notice as provided in section 13358, supra. Such notice as is required to be given in lieu of the written notice is discussed ably by this court in Norman Steam Laundry v. State Industrial Commission, 160 Okla. 107, 16 P. (2d) 92. But where the employer denies that he had actual notice and no written notice has been given as provided by section 13358, supra, the State Industrial Commission should make a finding, either that the employer had actual notice or that the employer was not prejudiced by a failure to give the written notice. If there is a finding that the employer had actual notice and that finding is reasonably sustained by competent evidence, such finding will not be disturbed. In the case at bar we arrive at the conclusion that it was the intention of the State Industrial Commission to find that the employer had notice of the accidental injury within 30 days, and thereupon proceeded to render the necessary medical attention. Such finding is sustained by competent evidence and will not be disturbed.

The petitioners urge that there is no competent evidence of an accidental injury. Respondent described the accident as above set out, and there is no doubt that if the State Industrial Commission believed his testimony, such evidence was competent to establish the accidental injury on February 28, 1936. Petitioners urge that the nature of the disability and the extent thereof must be proved by medical expert testimony. This is true. Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P. (2d) 1212; Skelly Oil Co. v. Rose, 176 Okla. 313, 55 P. (2d) 1019; Williams Bros. v. State Industrial Comm., 158 Okla. 171, 12 P. (2d) 896. Dr. Love's testimony is referred to above. We conclude that therein is to be found competent evidence of a disability to the extent described. These are the sole questions presented.

An argument is addressed to the proposition that in 1935 respondent had sustained another accidental injury; that the only notice that the petitioner had was of such injury. That matter was presented to the State Industrial Commission as a question of fact. They found that the respondent sustained an accidental injury February 28,

1936, and that the disability he has now was the result of that accident and that the petitioners had notice of this specific injury. As stated, there is much testimony in the record, especially of qualified medical experts. We have said that the State Industrial Commission is at liberty to determine which of these or any of them it will believe. Briscoe Const. Co. v. Listerman, 163 Okla. 17, 20 P. (2d) 560. If there is competent evidence to sustain the award, this court will not weigh such evidence or determine the degree thereof.

The award is affirmed.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.