SKELLY OIL CO. v. GRIMM et al.

No. 31474. Feb. 15, 1944.

*145 P. 2d 931.*

W. P. Z. German, A. G. Cochran, and C. L. Swim, all of Tulsa, for petitioner.

Williams & Teague, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Skelly Oil Company, hereinafter referred to as petitioner, to obtain a review of an award made by trial commissioner and on appeal affirmed by the State Industrial Commission in favor of Earnest Grimm, hereinafter referred to as respondent.

On February 9, 1943, respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation for disability alleged to have been sustained as a result of an accidental injury which occurred on December 23, 1942. The petitioner filed an answer in which it denied the claim of accidental injury and alleged failure of respondent to give the notice required by statute and that the claim had been thereby barred. The respondent conceded his failure to give the statutory notice, but sought to have the commission excuse such failure upon the ground that the petitioner had received information equivalent to that which the statutory notice would have imparted and therefore was not prejudiced by the failure of the respondent to give the statutory notice. The failure to give the statutory notice and the sufficiency of the excuse offered by the respondent was thus directly put in issue, but the trial commissioner and the State Industrial Commission omitted to make any finding thereon or to excuse the failure of the respondent to give the required notice.

This court is thoroughly committed to the rule that where the failure to give the statutory notice is made an issue

it becomes a mandatory duty of the State Industrial Commission to make a finding thereon based upon the competent evidence adduced and to either excuse such failure, should the evidence warrant such action, or else to deny the claim by reason of the bar of limitations contained in the provision above cited, the burden of proof in the proceeding being upon the claimant. See Empire Pipe Line Co. v. Morgan, 185 Okla. 82, 90 P. 2d 389; Evans-Wallower Lead Co. v. Byrd, 174 Okla. 626, 51 P. 2d 497; Greer County Gins v. Dunnington, 166 Okla. 302, 27 P. 2d 630; Dover Oil Co. v. Bellmyer, 163 Okla. 51, 20 P. 2d 556; Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. 2d 177; Oklahoma Ry. Co. v. Banks, 155 Okla. 152, 8 P. 2d 17.

Due to the failure of the State Industrial Commission to make a finding that the neglect of respondent to give the required statutory notice should be excused for some good and sufficient reason, the award was erroneous under the provisions of 85 O. S. 1941 § 24.

The award is vacated and the proceeding remanded to the Industrial Commission for further proceedings.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur. HURST and DAVISON, JJ., dissent.

———

DAVISON, J. (dissenting). An examination of the record in this case reflects evidence showing that the foreman under whom claimant was working and the district superintendent of the employing corporation acquired actual knowledge of the time, place, manner, and nature of claimant's injury quite soon after the occurrence thereof.

The record also fails to show any evidence introduced by the employer tending to establish prejudice to it by claimant's failure to give the more formal written notice.

A district superintendent is under the accepted definition of the term prima facie a person "who has oversight of or is in charge of" the affairs of his employer in his district. There is no indication in the record that the district superintendent who, in this case, knew of claimant's injury was not precisely what the title of his position indicates. Receipt of notice by him was therefore binding on his employer under 85 O. S. 1941 § 24.

The award herein is being vacated for the sole and only reason that the State Industrial Commission failed to make a specific finding excusing claimant's failure to give written notice.

It is my opinion that the rule established in paragraph 4 of the syllabus in Protho v. Nette, 173 Okla. 114, 46 P. 2d 942, as reiterated and applied in NuWay Laundry Co. v. Trice, 182 Okla. 518, 78 P. 2d 706, could be applied to this case, and when so applied the failure of the State Industrial Commission to make a formal finding excusing written notice should be declared harmless in this court.

The rule established in the cases last above cited should in the interest of harmony in the law be either (1) applied to the case at bar, (2) distinguished in such a way as to demonstrate its inapplicability, or (3) repudiated by overruling the same.

For the reasons indicated, I respectfully dissent to the opinion adopted by a majority of my associates.

I am authorized to state that Mr. Justice HURST concurs in the above views.