BROWN-BELLOWS CONST. CO. et al. v. MARCUM et al.

No. 31333. April 17, 1945.

*157 P. 2d 911.*

Looney, Watts, Fenton & Eberle, of Oklahoma City, for petitioners.

Counts & Jones, of McAlester, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the Brown-Bellows-Construction Company and its insurance carrier, the Standard Accident Insurance Company, petitioners, to review an award made to Thad Marcum, hereinafter referred to as respondent.

Respondent filed his first notice of injury and claim for compensation on the 16th day of November, 1942, stating that on the 29th day of August, 1942, he sustained an accidental injury arising out of and in the course of his employment as a common laborer when he injured his left side and spinal column while carrying a heavy timber. At the conclusion of hearings the State Industrial Commission entered its award for temporary total disability for compensation at the rate of $15.39 per week computed from September 15, 1942, to September 26, 1942, and from October 14, 1942, to December 31, 1942, to continue for not to exceed 300 weeks.

The record discloses, substantially, that the respondent was employed on a project of naval construction being carried on by the petitioner, Brown-Bellows Construction Company, near McAlester, Okla. Respondent stated that he was injured when one of the men carrying a heavy timber dropped his end of the timber, thus throwing the weight against the body of the respondent. He did not quit work but continued on the job for about two hours to the end of his work for the day. The accident occurred on Saturday. The following Monday he reported to a station maintained on the premises and was examined by a physician at said station. This physician had a nurse tape respondent over the injured portion of the body. Respondent did not report to the physician again. He worked for approximately ten days after the injury. He quit work on the 15th day of September, 1942, and joined the Navy on the 26th day of September, 1942; he was discharged from the Navy about the 15th day of October, 1942. He then reported to his former employer at McAlester and requested medical attention and compensation for his disability. This was refused and this proceeding resulted.

At the outset we are met with a procedural question which requires that the cause be remanded to the State Industrial Commission for further proceeding. The petitioner presented the issue of the failure to give the statutory written notice of the accidental injury as provided by 85 O.S. 1941 § 24.

We have held that when the failure to give the notice required by 85 O.S. 1941 § 24 is made an issue and evidence is given with relation to such issue it is the duty of the State Industrial Commission to make a specific finding upon such issue in order that this court in the proper proceeding may know what the State Industrial Commission intended to find with respect thereto and to judge the record accordingly. Greer County Gin Co. v. Dunnington, 166 Okla. 302, 27 P. 2d 630; Pioneer Gas Utilities Co. v. Howard, 154 Okla. 239, 7 P. 2d 435; Gulf Oil Corp. v. Garrison, 183 Okla. 631, 84 P. 2d 12.

Respondent relies upon Protho v. Nette, 173 Okla. 114, 46 P. 2d 942, and Pine Valley Lumber Co. v. Robinson, 182 Okla. 234, 76 P. 2d 1048, wherein this court announced the rule that where the undisputed evidence shows that the employer received actual notice of the injury within 30 days after the injury and has offered no proof that he was prejudiced by the failure to give the statutory written notice, then no finding by the State Industrial Commission on the question of notice is necessary.

We cannot agree that the fact situation in the case at bar justifies the application of the latter rule. In Protho v. Nette and Pine Valley Lumber Co. v. Robinson, supra, the evidence as to notice to the employer was uncontradicted, and the employer, acting upon the notice of the accidental injury, tendered medical services to the injured employee. But in the case at bar the evidence that the employer, within 30 days, had notice, actual or otherwise, is disputed and is far from clear. We held in Dover Oil Co. v. Bellmyer, 175 Okla. 19, 52 P. 2d 761, that notice to a company physician is not notice to the employer.

It was the duty of the State Industrial Commission to make a finding based on competent evidence, either that the statutory written notice could not be given, or that the employer was not prejudiced by a failure to give the statutory written notice.

The cause is remanded to the State Industrial Commission for further proceedings not inconsistent with the views herein expressed.

Award vacated with directions.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, CORN, and ARNOLD, JJ., concur.