James LASTER, Petitioner,

v.

The OZARK NURSERY COMPANY, United States Fidelity and Guaranty Company and the State Industrial Commission, Respondents.

No. 36760.

Supreme Court of Oklahoma.

Nov. 22, 1955.

W. H. Kisner, Tahlequah, for petitioner.

Fenton & Fenton, H. R. Palmer, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On the 24th day of August, 1954, James Laster, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on December 3, 1953, while employed by Ozark Nursery he sustained an accidental injury resulting in double hernia. On the 18th day of October, 1954, the trial commissioner entered an order denying an award which on appeal to the Commission en banc was affirmed on December 8, 1954. This proceeding is brought by claimant against Ozark Nursery and its insurance carrier, United States Fidelity and Guaranty Company, hereinafter called respondents, to review the order denying the award.

Claimant testified: On December 3, 1953, he was working with two fellow employees when he strained himself pulling trees in a nursery owned by the employer. He worked thereafter for a total of twenty-two days between December 3, 1953, and January 9, 1954, at which time he quit work. He did not quit work because of

his injury but because the employer was discharging men for lack of work. On the 9th day of July, 1954, claimant was operated at the Veterans' Hospital in Muskogee, Oklahoma, and the operation for a double hernia was successful. The record does not disclose what claimant did after January 9, 1954. The place of his employment was approximately four miles south of Tahlequah and he lives in that neighborhood and stated that he is a farmer and laborer.

The respondents raised the issue of failure to give the statutory written notice required by 85 O.S.1951 § 24, and it is admitted that no statutory written notice was given. Claimant explains that he did not know until he was examined by the physician at Veterans' Hospital on or about the 9th day of July, 1954, that he had sustained a hernia; that he had suffered constant pain in the lower abdominal region since the injury on December 3, 1953.

At the conclusion of the testimony the trial commissioner entered the following order, which was affirmed on appeal:

"On this 18th day of October, 1954, this cause comes on for consideration pursuant to hearing before the undersigned Commissioner at Muskogee, Oklahoma, on October 5, 1954, at which time claimant appeared in person and by attorney W. H. Kisner, respondent and insurance carrier appearing by A. C. Robinson; and said Commissioner, having considered the evidence, files and records herein and being fully advised in the premises finds:

"—1—

"That no notice of the alleged injury was given to the respondent herein and no claim filed within the period provided by statute, and that this Commission therefore has no jurisdiction to enter an award in this case.

"It is therefore ordered that the claimant's claim for compensation filed herein be and the same hereby is denied.

"By order of the Trial Commissioner."

The claimant argues that there is no competent evidence in the record reasonably tending to support the finding of the State Industrial Commission. He further argues that the record shows without dispute that the employer was not prejudiced by the failure to give the statutory written notice and cites in support of his argument Hardeman-King Co. v. Hudson, 151 Okl. 236, 3 P.2d 424; Olson Drilling Co. v. Tryon, 150 Okl. 18, 300 P. 663, and other cases.

Respondents argue that the State Industrial Commission failed to excuse the giving of the statutory written notice and under the rule announced in Oklahoma Railway Co. v. Banks, 166 Okl. 117, 26 P. 2d 422; Johnson v. E. I. Du Pont De Nemours & Co., Inc., 201 Okl. 206, 203 P.2d 717, and related cases, the order denying the award should be sustained.

■ By reference to the order of the trial commissioner it will be seen that it not only states that no statutory written notice was given but that the claim was not filed within time. Under 85 O.S.1951 § 43, claimant had one year from December 3, 1953, in which to file his claim. Since it was filed on August 24, 1954, it was filed in ample time. The filing of the claim under section 43, supra, and the giving of the statutory written notice under section 24, supra, are separate and distinct matters. This Court is unable to determine from the order as entered whether the State Industrial Commission was willing to excuse the giving of the statutory written notice had it found that the claim was filed in time. In Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625, this Court considered an order of the State Industrial Commission denying an award and therein stated:

"Where the findings of fact and conclusions of law of the State Industrial Commission are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order for further proceedings."

By analogy a similar rule should be applied in this case so that the State Industrial Commission may determine solely the question of whether it intends to excuse the giving of the statutory written notice.

The order of the State Industrial Commission is vacated and the cause remanded to the State Industrial Commission with directions to proceed in accordance with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, JACKSON and HUNT, JJ., concur.

WELCH and BLACKBIRD, JJ., concur in result.