## STANDARD ROOFING & MATERIAL CO. v. MOSLEY et al.

No. 26452.   April 14, 1936.

Shirk Danner & Earnhart, for petitioner.

Fred M. Hammer, Orbie E. Siler, and M. J. Parmenter, for respondents.

CORN, J. This is an original proceeding in this court to review an order and award of the State Industrial Commission made and entered on the 25th day of May, 1935, awarding the claimant, E. D. Mosley, compensation for a temporary total disability from five days after the 27th day of October, 1934, up to the 1st day of April, 1935, less any sum or sums theretofore paid as compensation.

The claimant, while working for the petitioner on the 27th day of October, 1934, sustained an accidental personal injury arising out of and in the course of his employment when a beam which was being hoisted to the roof of a building, slipped, striking claimant in the right side. This accident occurred in the morning, but claimant continued working the rest of that day. The next day he went to bed and remained there for a period of four or five days suffering from pain as a result of the injury. He performed no labor of any kind until the 1st day of April, 1935, at which time he secured a job at a fruit stand.

He has been treated and examined from time to time by several doctors. The pain at first was, or seemed to be, localized in his right side, but later went around into his back.

Petitioner makes only one assignment of error in its brief and that is that the evidence is insufficient to support an award for temporary total disability from the date of the accident to the 1st day of April, 1935.

We have made a thorough examination of the evidence in this case, and find there is a sharp conflict in the testimony of some of the witnesses as to the extent of the injury.

518

This court in the case of Briscoe Const. Co. v. Listerman, 163 Okla. 17, 20 P. (2d) 560, quoted with approval from Schneider's Workmen's Compensation Law, as follows:

"The board is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor are they required to give credence to the greater amount of evidence as against the lesser."

This court, in I. T. I. O. Co. v. Crow, 147 Okla. 229, 296 P. 451, states the following rule:

"* * * A general finding of the Industrial Commission in favor of the respondent was a finding of fact, and such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact."

The award of the State Industrial Commission is affirmed.

OSBORN V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.