**GREIS, Trustee, v. RHAMY et al.**

No. 27872. Jan. 17, 1939.

Rehearing Denied Feb. 21, 1939.

Application for Leave to File Second Petition for Rehearing Denied March 7, 1939.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, for petitioner.

Stanley D. Belden and Mac Q. Williamson, Atty. Gen., for respondent.

RILEY, J. This is an original proceeding in this court brought to obtain a review of an award made by the State Industrial Commission in favor of Theodore Rhamy, hereafter referred to as respondent, against H. N. Greis, trustee for the Deep Rock Oil Corporation, hereafter referred to as petitioner.

It is conceded that respondent was in the employ of the petitioner and engaged in a hazardous employment, as defined by the Workmen's Compensation Law, on the date of his alleged injury.

On April 23, 1935, the date of his alleged injury, claimant was engaged in cleaning and sweeping coke from the inner walls of a gasoline still. The stills were some 40 feet high and 8x12 feet in diameter. Two openings, about 18x20 inches, were in each still, one at the top and one at the bottom.

In removing the coke, the dust would become quite dense, so dense according to the evidence that workers could hardly see each other when but a few feet apart. Necessarily large quantities of this coke dust was inhaled by claimant while engaged in said work. Claimant had been working for petitioner some eight days, but not all this time in cleaning out the stills. The temperature inside the stills was higher than on the outside. On the date mentioned claimant worked his full shift, but became ill and was unable to return to work the next day.

Claim for compensation was filed August 8, 1935. Therein the date of his alleged injury was stated as of July 25, 1935. Later this was amended so as to state the date as April 25, 1935.

Thereupon petitioner pleaded failure of claimant to give the written notice required by statute; that petitioner had no actual notice of claimant's alleged injury; that petitioner was prejudiced by failure to give such notice. Petitioner further alleged that claimant's disability was not due to accidental injury. Compensation was at first denied, but later the order was set aside, and upon further hearing the commission found that claimant had sustained accidental injuries consisting of "coke poisoning" and heat exhaustion.

The commission further found that petitioner had actual notice of the injury and had not been prejudiced by failure of claimant to give written notice.

Petitioner contends: (1) That the finding of the commission that petitioner had notice of the injury and was not prejudiced by failure of claimant to give written notice of the injury within 30 days is without support by any competent evidence; and (2) that the finding of accidental injury is not supported by any competent evidence.

There is ample evidence showing the petitioner knew within a few days that claimant was unable to return to work. Claimant himself did not go to petitioner and tell of his alleged injury, but his father testifies that within seven or eight days after the alleged injury he talked with Mr. Moody, the vice-president of Deep Rock Oil Company, in charge of refining, and notified him of his son's condition, and requested medical aid.

Mr. Moody admitted the conversation, and testified that as a result thereof he sent Mr. Robert Davis, president of the "Deep Rock Mutual Aid," to investigate.

There is also evidence to the effect that petitioner did not consider coke poisoning and heat exhaustion as accidental injury; that petitioner relied largely upon their records to the effect that claimant had quit work on account of sickness, and made no further investigation as to the cause of the sickness, or of claimant's request for medical attention, until after the claim for compensation was filed.

It is apparent from reading the record, from the testimony of petitioner's own witnesses, that petitioner had notice from which it was understood that claimant would claim compensation and there were claims for medical attention; that based thereon petitioner conducted certain investigations and made inquiries, and concluded therefrom that there was no liability and rested upon the theory that there was no compensable injury and refused medical relief.

One witness did testify that petitioner was prejudiced by failure to give the written notice, but this appears to be a mere conclusion of the witness, as no basis or reason for such prejudice was given.

Where the employer has actual notice of all the facts that the notice is required to impart, the burden is then upon the employer and insurance carrier to offer competent evidence to establish the fact that, notwithstanding such actual notice, still the employer and insurance carrier are prejudiced by failure to give such notice. Maryland Cas. Co. v. Osborn, 166 Okla. 235, 26 P.2d 934.

The question whether the failure to give the statutory notice should be excused is one of fact for the commission. Turner v. Baker & Co., 153 Okla. 28, 4 P.2d 739.

The second contention is that the evidence shows that claimant was suffering from a mental and neurotic condition existing long prior to his alleged injury, and that this was the cause of his condition, and not "coke poisoning and heat exhaustion," as found by the commission.

Petitioner does not contend that claimant is suffering with an occupational disease. There is no claim that he is. There is some evidence tending to show that claimant was somewhat below standard from a nervous standpoint before his alleged injury, but there is but little if any evidence tending to show that this is the cause of his present physical condition. On the other hand, there is ample evidence, medical and lay, to support the finding of the commission as to the accidental injury and its extent.

The petition is denied and the award is affirmed.

BAYLESS, V. C. J., and CORN, HURST, and DANNER, JJ., concur.