## ROSBOTTOM v. MOORLANE CO. et al.

No. 30313. May 12, 1942.

*125 P. 2d 970.*

Malone, Lipscomb, White & Seay, of Dallas, Tex., and S. J. Clendinning, of Tulsa, for petitioner.

Pierce & Rucker and Fred M. Mock, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Robert J. Rosbottom, petitioner, to review an order involving the respondent Moorlane Company and Aetna Casualty & Insurance Company as its insurance carrier, entered on the 22nd day of March, 1941.

On October 31, 1940, petitioner filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment on November 3, 1939, when his right eye was injured by a severe flash from an electric welding machine while he was employed as a machinist for the respondent Moorlane Company. It is claimed that by reason of the alleged injury he discovered some time in 1940 that a cataract had developed on his eye.

On November 6, 1940, the respondents filed their answer denying that the petitioner had sustained an accidental injury as alleged, and further alleging failure to give the statutory written notice of claim for compensation as provided by section 13358, O. S. 1931, 85 Okla. St. Ann. § 24. The trial commissioner denied an award, declined to find whether the petitioner had sustained an accidental injury arising out of and in the course of the employment, but stated that if the petitioner sustained such an injury, he had failed to give notice of the injury as provided by section 13358, supra, and therefore the claim of the petitioner was barred. This order was affirmed by the State Industrial Commission on March 22, 1941, and this proceeding is brought to review the final order.

The petitioner has presented two propositions: (1) Where it appears from the uncontradicted evidence that petitioner received an accidental injury, it is incumbent upon the State Industrial Commission to find with the testimony; (2) notice could not have been given at an earlier date under the uncontradicted evidence.

Petitioner refers in the first proposition to Johnson Oil & Refining Co. v. Guthrie, 167 Okla. 83, 27 P. 2d 814. Therein the State Industrial Commis-

sion found, and this court sustained the finding, that a disability was caused by inhaling gas and coke, and declared the same to be an accidental injury as distinguished from an occupational disease. The case does not hold that it is necessary for the State Industrial Commission to make a separate finding of fact as to the disability where it denies a claim for the reason that the employer was not given notice as provided by section 13358, supra.

Petitioner cites Bartlett-Collins Co. v. Roach, 180 Okla. 521, 71 P. 2d 489, which, as stated in the brief, holds that an award is not barred where the claim was filed more than a year after the accidental injury where the disability, known to the employer, developed within one year prior to the date of filing the claim. The petitioner apparently confuses the filing of the claim and the giving of the statutory notice required by section 13358, supra. Bartlett-Collins Co. v. Roach, supra, did not deal with the failure to give the statutory written notice within the 30-day period.

If petitioner sustained an accidental injury, he should have given notice to the employer as provided by section 13358, supra. This section provides that the State Industrial Commission is empowered to excuse the giving of said statutory notice where the injured employee was for some reason unable to give the same, or where the State Industrial Commission finds that the employer has not been prejudiced by a failure to give the statutory written notice. Under its provisions the injured employee has the burden of establishing to the satisfaction of the State Industrial Commission that he was unable to give the statutory written notice or that the employer has not been prejudiced by a failure to give the same. Oklahoma Ry. Co. v. Banks, 166 Okla. 117, 26 P. 2d 422; Coline Oil Co. v. Vaughn, 157 Okla. 101, 11 P. 2d 121; Dover Oil Co. v. Bellmyer, 175 Okla. 19, 52 P. 2d 761; Harrison Const. Co. v. Mitchell, 170 Okla. 364, 40 P. 2d 643; and Southland Cotton Oil Co. v. Pritchett, 157 Okla. 264, 11 P. 2d 486.

The petitioner never gave any notice of any kind of an injury to the employer. There is no evidence that he notified any official or medical examiner of the respondent or any suggestion that the employer may have known that the petitioner was going to physicians for treatment and complaining of his eye being hurt by the bright light from the torch. The respondent never sent him to any physician for the injury of which complaint is made. A finding of the State Industrial Commission that the petitioner failed to give the written notice is binding upon the reviewing court, and the order denying the award for this reason will be sustained if there is any evidence reasonably tending to support the same. Horton v. State Industrial Commission, 184 Okla. 145, 85 P. 2d 413. Whether an employer has been prejudiced by the employee's failure to give the statutory written notice provided by section 13358, supra, is a question of fact. Massachusetts Bonding & Insurance Co. v. Satterfield, 188 Okla. 154, 108 P. 2d 218. The purpose of the statute has been declared to be to give the employer an opportunity to examine into the good faith of the claim of the injured employee. Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 P. 1100. This reason is evidenced plainly by the situation in the case at bar. Although the petitioner fixed November 3, 1939, as the date of the injury, he could have fixed any other date on which he might have wished to claim that the bright light of the blow torch hurt his eyes. In Bellmyer v. Dover Oil Co., 181 Okla. 11, 71 P. 2d 973, the court said:

"The State Industrial Commission after an examination and hearing of evidence refused to excuse the giving of the notice, but, on the other hand, found that the employer had been prejudiced by failure to give such notice, and there is competent evidence ample to sustain this finding. Under this state of the record the petitioner is not entitled to an award, and the order of the State Industrial Commission is affirmed."

The order denying the award is sustained.

WELCH, C.J., CORN, V.C.J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.