OKLAHOMA STEEL CASTINGS CO. v. CATES et al.

No. 32015. June 26, 1945.
Rehearing Denied Sept. 11, 1945.

*163 P. 2d 1013.*

Steele, Daugherty & Downey, of Tulsa, for petitioner.

B. A. Hamilton and Wayne C. Evans, both of Tulsa, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is a proceeding brought by Oklahoma Steel Castings Company, a corporation, hereafter called petitioner, for the purpose of reviewing an award made to Thayer C. Cates by the State Industrial Commission.

On the 2d day of July, 1943, respondent filed his first notice of injury and claim for compensation stating that on the 8th day of January, 1943, he sustained an accidental injury arising out of and in the course of his employment with petitioner. On the 6th day of November, 1943, the trial commissioner found that by reason of the accidental injury respondent was temporarily totally disabled from April 26, 1943, to June 13, 1943, and in addition thereto sustained a permanent partial disability of 50 per cent and entered an award accordingly. On appeal to the commission en banc on the 16th day of October, 1944, the award was affirmed and this proceeding is brought to review the award.

It is first argued that the award is erroneous in that the State Industrial Commission found that the petitioner had actual notice of the injury, and therefore was not prejudiced by failure to give the statutory written notice provided for by 85 O.S. 1941 § 24.

The record discloses that immediately after the injury respondent went to his home and the next day informed the superintendent or foreman of petitioner's plant that he had been employed the day before to clean out a ventilator fan and had inhaled so much dust that he had to go home and go to bed. After the information regarding the accident the foreman brought a heat or ray lamp to the home of the respondent so that the respondent might be treated for the difficulty resulting from the breathing of the dust. Thereafter he was treated by physicians and the record discloses that the employer was informed of his condition, although there is a conflict in the evidence as to whether or not the employer was informed that his condition resulted from the accidental injury. We have noticed the statement in Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. 2d 177, stating that actual notice is required in some cases to authorize an award upon a failure to comply with the above statute as to giving statutory written notice. These cases apply to conditions in which there has been no finding by the State Industrial Commission upon the question of notice. The rule was enlarged in Protho v. Nette, 173 Okla. 114, 46 P. 2d 942, and later restricted in Nuway Laundry Co. v. Trice, 182 Okla. 518, 78 P. 2d 706.

The rule applicable in the case at bar is that the State Industrial Commission is authorized to excuse the giving of the statutory written notice (1) where for some reason the injured employee was unable to give the same; (2) on the ground that the employer has not been prejudiced by a failure to give the statutory written notice. Oklahoma Pipe Line Co. v. Putnam, 162 Okla. 52, 18 P. 2d 1095; Massachusetts Bonding & Ins. Co. v. Welch, 194 Okla. 22, 146 P. 2d 995; Rosbottom v. Moorlane Co., 190 Okla. 562, 125 P. 2d 970; Oklahoma Natural Gas Co. v. White, 187 Okla. 627, 105 P. 2d 225; Massachusetts Bonding & Ins. Co. v. Satterfield, 188 Okla. 154, 108 P. 2d 218; and Greis v. Rhamy, 184 Okla. 390, 87 P. 2d 658. In Oklahoma Pipe Line Co. v. Putnam, supra, it was held that where the State Industrial Commission has excused the giving of the statutory written notice for either of said reasons and there is any competent evidence reasonably tending to support the same, this court will not disturb the finding made thereon.

The next and more serious question presented is whether there is sufficient evidence to sustain a finding that there

was an accidental injury. Respondent stated that he went to the ventilator fan which had been ordered repaired and found the same covered with dust, and as a result of the suction created while working on the same a great amount of dust was blown in his face; that he coughed and choked and soon went home and the next day remained in bed; that the next day he called the foreman of the employer as above stated and notified him of his condition. Three doctors were questioned by the respondent in this connection. The first was his family physician, Dr. N. S. White, who first examined him on May 18, 1943, and his testimony is that respondent now has a permanent lung condition. The second was Dr. Larrabee, who took some photographs, and the third was Dr. Glass. Each gave it as his opinion that respondent was suffering from a permanent lung condition. Dr. White definitely stated that in his opinion the condition was due to the accidental injury of January 8, 1943. Petitioner points out that Dr. Larrabee failed to connect the disability with any accidental injury. This statement is correct. However, the testimony of Dr. Larrabee does confirm and support the testimony of Dr. White. The testimony of Dr. Glass is likewise definite that as a result of the accidental injury, in his opinion, respondent has a permanent disability. Dr. White stated in his opinion that it was 75 per cent. The commission fixed the permanent disability at 50 per cent.

We have held that an injury to an employee as a result of inhaling vapor, gas, or dust may constitute an accidental injury. Howard & Co. v. McKay, 189 Okla. 453, 117 P. 2d 525; Quality Milk Products v. Linde, 159 Okla. 256, 15 P. 2d 58; Haynes Bros. Drilling Co. v. Dungan, 158 Okla. 263, 13 P. 2d 197; Vaughn & Rush v. Stump, 156 Okla. 125, 9 P. 2d 764; Tri-State Contractors v. Althouse, 166 Okla. 296, 27 P. 2d 1041; Shell Petroleum Co. v. White, 173 Okla. 573, 56 P. 2d 830; Choctaw Gin Co. v. Reese, 184 Okla. 453, 87 P. 2d 1091; Wilson & Co. v. State Industrial Commission, 177 Okla. 234, 58 P. 2d 905;

and Johnson Oil Ref. Co. v. Guthrie, 167 Okla. 83, 27 P. 2d 814. The rule laid down in Johnson Oil Ref. Co. v. Guthrie, supra, and many times followed is that an accident as contemplated by the Workmen's Compensation Law is distinguished from an occupational disease in that it arises by some definite event the date of which can be fixed with certainty. Applying the rule announced in the above case, we are of the opinion, and hold, that the evidence is sufficient to sustain the finding that there was an accidental injury.

Likewise, we are of the opinion that the evidence is sufficient to sustain the finding of the State Industrial Commission that as a result of the accidental injury there was a temporary total disability from April 26, 1943, to and including June 13, 1943, and in addition a permanent disability of 50 per cent to the respondent. We have said that the cause and extent of a disability resulting from an accidental injury are questions of fact, and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission, an award based thereon will not be disturbed on review. Southern Ice Utilities Co. v. Barra, 178 Okla. 291, 62 P. 2d 988; City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094; Magnolia Pet. Co. v. Watkins, 177 Okla. 30 57 P. 2d 622; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

The theory of petitioner is that the respondent was in a run-down condition owing to attempting to perform two jobs and working in excess of 17 hours per day. It was also its contention that any disability was a result of a former lung condition and not the result of or aggravated by the accidental injury of inhaling dust on January 8, 1943. The testimony is in conflict upon this question. As stated in Standard Roofing & Material Co. v. Mosley, supra, the State Industrial Commission was at liberty to believe any of the witnesses testifying upon this point and was not confined to the numerical superiority of the witnesses testifying. The record reasonably tends to support the finding of

the State Industrial Commission as to the degree of disability, both temporary and permanent.

The award of the State Industrial Commission is sustained.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.