SKELLY OIL CO. v. GRIMM et al.

No. 31930. Nov. 13, 1945.

*163 P. 2d 234.*

W. P. Z. German, A. G. Cochran, C. L. Swim, all of Tulsa, for petitioner.

Leo J. Williams and Ray Teague, both of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

ARNOLD, J. This is an original proceeding brought by the Skelly Oil Company, hereinafter called petitioner, to review an award made to Earnest Grimm, respondent.

An award was made by the State Industrial Commission and a proceeding commenced to review the same in this

court, and in Skelly Oil Co. v. Grimm, 193 Okla. 614, 145 P. 2d 931, the proceeding was remanded to the State Industrial Commission for failure to make a finding respecting the notice provided for by 85 O. S. 1941 § 24. Upon receipt of mandate from this court and after due proceedings had on the 2d day of August, 1944, the State Industrial Commission again entered an award and excused the giving of the statutory written notice, and in excusing the giving of the notice stated that the petitioner had actual notice and suffered no prejudice by reason of the respondent's failure to give the statutory written notice.

Petitioner in this proceeding first argues that there is no competent evidence to sustain the finding that an accidental personal injury was sustained by the respondent. The respondent counters with the proposition that in Skelly Oil Co. v. Grimm, supra, this matter was determined, and that therefore the petitioner is without authority to raise the question at this time in this court.

Claimant testified that while working for the employer on the 23rd day of December, 1942, he sustained an injury to his back by wrenching while in a stooped position, tightening a pump with a bar; that within a week or ten days he was sent to a doctor for medical treatment by John Schrier, district superintendent of the employer; that he has not worked since the accident; that he still suffers weakness and soreness of his back; that in 1940, while working for the same employer, he sustained an injury to his back for which he received medical treatment furnished by the company, but drew no compensation therefor; that at another time while in the same employment, and while digging in a pipe line, he suffered pain in his back; that since he sustained the injury to his back in 1940 his back has not been normal; that since said time and before the injury in question he has had a number of catches in his back; that at the time of the present injury he told the boss that he had a catch in his back and lay down there for awhile in his presence.

Dr. Robinson, called as a witness for the claimant, testified that he had made two examinations of claimant and testified to the history given him by the claimant at the time of his first examination; that the claimant was temporarily totally disabled from the date of the accident to April 6th following, and that by reason of the accident he had a permanent partial disability of 15%; that the claimant in his history disclosed to him an injury to his back for which he received treatment in 1940; that taking into consideration all of the considerations, he was of the opinion that the accident herein complained of was the cause of his present permanent partial disability.

Dr. Phil White testified that he examined the claimant on two occasions; that he took a history of the accident complained of by him in which the claimant disclosed an injury to his back in 1940, and he said claimant told him that "the wrench slipped and caused him to jerk or strain his back"; otherwise his testimony is substantially the same as that of Dr. Robinson.

One Pulliam testified on behalf of the employer that he was working with the claimant tightening the pump; that when they got through tightening it the claimant couldn't straighten up and went over and leaned against the southeast corner of the derrick; that claimant said he had a catch in his back or had wrenched his back; that he was not sure whether or not the wrench slipped.

Fred McCall, witness for employer, testified that he was not present at the time claimant was tightening the pump, but when he drove up plaintiff was standing in the corner of the rig leaning against the derrick unable to straighten up; that he sent him to another well to strip off and polish a rod.

John Schrier testified that he was the superintendent of employer in the Perkins district; that he knew claim-

ant was having trouble with his back and that he had had a number of conversations with him in which he had complained about his back bothering him; that he did not see the claimant after the alleged accident until around January 15th, at which time he suggested to claimant that he go to Stillwater and have his back checked by Dr. Cook; that claimant told him that at the time they were setting up and tightening the pump he noticed pain striking him in the lower region of his back; that he knew claimant strained or wrenched his back in December and that he sent him to Dr. Wagoner at Stillwater for examination and treatment.

Dr. Ellis Margo testified that his examination did not disclose any pathology and expressed as his opinion that claimant had no permanent disability.

Ted Dix, another employee and witness for employer, testified that he saw claimant pulling and tightening up the pump, but that he did not see him in a stooped position against the corner of the derrick nor see him lying down on the derrick floor; that claimant did not tell him he had strained his back.

Though it is true the doctors who testified for respondent based their testimony on somewhat inaccurate history, both considering facts not in evidence, and had no opportunity to consider the fact that on many previous occasions the respondent had had catches in his back apparently occasioned in about the same manner, they did not change their opinions when the correct history was called to their attention, and Dr. White said after having the accurate history given that his opinion was as formerly expressed.

There is competent evidence in the record to sustain the finding of the State Industrial Commission that the respondent sustained an accidental injury on December 23, 1942, and that as a result of the accidental injury he suffered a disability commensurate with the award made. Devault & Deitrich, Inc., et al. v. Harris et al., 163 Okla. 262, 21 P. 2d 1043; Southwestern Light & Power Co. v. Gossett et al., 166 Okla. 69, 26 P. 2d 183; Magnolia Pipe Line Co. v. Smith, 167 Okla. 316, 29 P. 2d 569; Carden Mining & Milling Co. et al. v. Yost et al., 193 Okla. 423, 144 P. 2d 969.

It is next and finally argued that there is insufficient evidence to sustain the finding of the State Industrial Commission that the petitioner had actual notice and was not prejudiced by the failure of the respondent to give the statutory written notice.

85 O. S. 1941 § 24 provides for the giving of the statutory written notice by an injured employee. It authorizes the State Industrial Commission to excuse the giving of the statutory written notice on the ground (1) that notice for some sufficient reason could not have been given; or (2) on the ground that the insurance carrier or the employer, as the case may be, has not been prejudiced by such failure to give the statutory written notice. In Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 P. 1100, we held there must be competent evidence to sustain the finding that the employer, or the insurance carrier, as the case may be, has not been prejudiced by failure to give the statutory written notice. The proceeding was remanded to the State Industrial Commission because there was no *competent evidence* to sustain the finding in that respect. Since then we have consistently held that the State Industrial Commission is authorized under the above statute to excuse the giving of the statutory written notice either on the first or second ground, and that if there is any competent evidence reasonably tending to sustain the finding in that respect, an award, otherwise properly entered, would not be disturbed on review. Oklahoma Natural Gas Co. v. White, 184 Okla. 152, 85 P. 2d 756; Gulf Oil Corporation v. Garrison, 183 Okla. 631, 84 P. 2d 12; and many other cases. We are familiar with the rule

announced by this court in Dover Oil Co. v. Bellmyer, 175 Okla. 19, 52 P. 2d 761. In Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. 2d 177, this court held that the State Industrial Commission could only excuse the giving of the statutory written notice where the employer had "actual notice". No authorities are cited therein that support the reasoning that the award could not be sustained because the record failed to disclose actual notice, and that actual notice was the only ground upon which there could be based a finding that the employer had not been prejudiced by a failure to give the statutory written notice. For the subsequent doctrine of "actual notice" see the following cases: Protho v. Nette, 173 Okla. 114, 46 P. 2d 942, and Nuway Laundry v. Trice, 182 Okla. 518, 78 P. 2d 706. In the latter case we pointed out the error in Protho v. Nette, supra, insofar as it holds that actual notice to the employer or the insurance carrier relieved the duty of the State Industrial Commission to make a finding excusing the giving of the statutory written notice *for the reasons mentioned in the statute*. We are therefore of the opinion that the cases cited by the petitioner herein and relied upon are inapplicable in the case at bar. In this state there is no provision made for the giving of actual notice in a proceeding before the State Industrial Commission. Several of the states have statutes providing that in the event the employer had actual notice it is not necessary to give the statutory written notice. Our Legislature has seen fit to adopt a different procedure.

We therefore hold that where there is competent evidence to sustain the finding that the employer has not been prejudiced by a failure to give the statutory written notice and the State Industrial Commission has excused the giving of the statutory written notice on this ground, this court will not disturb the award, otherwise properly entered, simply because in excusing the giving of the statutory written notice the State Industrial Commission has stated that the employer has had "actual notice".

It is insisted that there is no evidence to sustain the finding that the employer was not prejudiced by a failure to give the statutory written notice. The record discloses that after the respondent suffered the back injury on the 23rd day of December, 1942, he reported the accident to John Schrier; that he was sent by John Schrier to Dr. Waggoner in Stillwater, who made a report under date of February 12, 1943, which was only a few days after the 30-day period provided by statute for written notice had run. In the decision by this court in the proceeding in error commenced to review the first award, this matter is discussed, and we feel that any further review of the evidence in connection therewith is unnecessary. Under the facts and circumstances of this case we are convinced that the State Industrial Commission was authorized to excuse the giving of the statutory written notice on the second ground provided by the said above statute.

Award sustained.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, WELCH, CORN, and DAVISON, JJ., concur.