## JOHNSON v. E. I. DU PONT DE NEMOURS & CO., Inc., et al.

No. 33548.   Feb. 15, 1949.

Rehearing Denied March 15, 1949.

*203 P. 2d 717.*

W. H. Kisner, of Tahlequah, and O. B. Martin and Andrew Fraley, both of Oklahoma City, for petitioner.

Krueger & McElroy, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J.   This is an original proceeding by Flora May Johnson, hereinafter referred to as petitioner, to review an order of the State Industrial Commission denying compensation.

The record discloses that petitioner, in her claim for compensation filed July 11, 1945, stated that, on July 15, 1944, while in the employ of E. I. DuPont De Nemours & Company, hereinafter referred to as respondent, while engaged in operating a powder cutting machine she fell and hit her head against the machine thereby sustaining some permanent disability to her person.

The commission found that petitioner failed to give written notice of her injury as provided by 85 O. S. 1941, §24, and further found that respondent was prejudiced because of failure to give such written notice and that her claim was therefore barred, and entered an order denying compensation.

Petitioner contends that the finding of the commission in this respect is contrary to the evidence. It is asserted that the evidence affirmatively shows that respondent could not have been prejudiced by failure to give written notice as provided by statute and the commission should therefore have found that respondent was not prejudiced because of the failure to give such notice. We do not agree. In our opinion, the evidence is sufficient to sustain the finding of the commission.

Petitioner testified that on the day stated in her claim, while in the employ of respondent, she sustained an injury to her head; that while engaged in operating a powder cutting machine she fell and her head struck the machine; that the blow rendered her temporarily unconscious; that she was placed in an ambulance and taken to respondent's first aid station where she received treatment; that she then returned to work and remained at work for several weeks, when she quit work because as a result of her injury she was no longer able to work; that some time thereafter she called upon the company doctor for examination and treatment; that the doctor examined her and informed her that she had sustained no disability as a result of her injury; that her condition, however, gradually grew worse and that she is now permanently disabled from performing ordinary manual labor.

It is the contention of petitioner that this evidence is sufficient to show that respondent had actual notice and knowledge of her injury and that the burden therefore shifted to respondent

to show that it was prejudiced because of the failure to give written notice as provided by statute; that it made no such showing and that the commission therefore erred in finding that respondent was prejudiced because of failure to give such notice. In support thereof, she relies, among other cases, upon the case of Gulf Oil Corp. v. Garrison, 183 Okla. 631, 84 P. 2d 12, and Greis v. Rhamy, 184 Okla. 390, 87 P. 2d 658. The facts in the instant case, however, do not bring it within the rule announced in these cases.

There is no evidence tending to show that any officer, or agent designated by the statute as authorized to receive notice, knew that she had sustained an injury while in the employ of respondent, or that she was taken to the first aid station and given temporary treatment, or that any such officer or agent directed her to go to the company doctor for treatment, but, on the contrary, the evidence of petitioner shows that she went to the company doctor on her own accord. She also testified that she did not notify or inform respondent that she had sustained an injury while in its employ, or that her injury arose out of and in the course of her employment, or that she had sustained any disability as a result of such injury. She also admits that she did not request respondent to furnish her medical treatment until after she filed her claim for compensation, which was on the 11th day of July, 1945.

There is no evidence tending to show that respondent had notice that petitioner claimed to have sustained an injury while in its employ, or that she claimed to have sustained any disability as a result thereof until she filed her claim for compensation which was not until about one year after the date she claims to have sustained her injury.

Under this evidence the commission would not have been justified in finding that respondent was not prejudiced because of failure to give statutory written notice. Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. 2d 177; Southwest Box Co. v. Dampf, 170 Okla. 269, 39 P. 2d 589; Rosbottom v. Moorlane, 190 Okla. 562, 125 P. 2d 970.

Since the evidence shows that petitioner failed to give written notice of her injury as provided by statute, and since the evidence is sufficient to sustain the finding of the commission that respondent was prejudiced because of such failure, petitioner's claim is barred and the commission properly denied compensation.

The view taken renders it unnecessary to pass upon the other questions raised.

Order sustained.

DAVISON, C.J., and CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur. ARNOLD, V.C.J., concurs in conclusion.