**A. W. FERGUSON, Petitioner,**

v.

**POOLS BY PADDOCK, Employers Mutual Liability Insurance Company of Wisconsin and the State Industrial Commission of Oklahoma, Respondents.**

No. 36696.

Supreme Court of Oklahoma.

March 29, 1955.

Rehearing Denied April 26, 1955.

Original proceeding by petitioner, A. W. Ferguson, to review an order of the State Industrial Commission denying his claim for compensation on a claim filed against respondent, Pascal P. Paddock, doing business as "Pools By Paddock".

Fred Cunningham, Hobart, for petitioner.

B. E. Harkey, Don Anderson, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

■ In this case it appears that on February 4, 1954, petitioner herein, A. W. Ferguson, while in the employ of Pascal P. Paddock, doing business as "Pools by Paddock", sustained an accidental injury consisting of an injury to his left leg. The injury occurred while he was engaged in pushing a wheelbarrow loaded with cement and his left foot hung on some object and twisted his knee. As a result of the injury he sustained a 15 per cent permanent partial disability to his left leg. He did not give notice of his injury within the 30 day period as provided by 85 O.S.1951 § 24. The trial commissioner so found, and further found that respondent was prejudiced thereby for the reason he had no opportunity to ascertain when, where, and how the alleged accident occurred. An order denying compensation was thereupon entered, and thereafter sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this order and relies, for its vacation, on the sole ground that it is not sustained by the evidence, and is contrary to law.

Petitioner concedes that he did not give notice of his injury as provided by the statute, supra. He testified that he did not do so because he did not then know the extent of his injury and did not then know that he was badly hurt. He offered no other excuse. He testified, however, that he knew he had sustained some injury and kept treating it at home with various liniments until March 2, 1954, when he consulted a physician. Even then he did not advise his employer that he had been injured nor request medical attention. He was treated for several weeks and was then advised that an operation was necessary. On April 12th, he was taken to a hospital where the knee was operated, and from which he was released June 8, 1954. His claim for compensation was filed May 5, 1954. Respondent had no notice until then that he claimed to have sustained an injury.

It will thus be noted that respondent had no notice that petitioner claimed to have sustained an injury while in his employ until about 90 days after the injury occurred and was thus deprived of the opportunity of making timely investigation in order to determine whether petitioner had in fact sustained an accidental injury while in his employ, and, if he did sustain such injury, to investigate the nature and extent thereof.

Petitioner cites numerous authorities in which the Commission excused the failure to give the written notice on the ground that the employer was not prejudiced thereby. In these cases we held the evidence sufficient to sustain that finding and sustained the award. In this case, however, the Commission found that respondent was prejudiced by failure of petitioner to give the written notice, and, as above pointed out, we think the evidence sufficient to sustain that finding.

■ The burden of proof under the statute was on petitioner to establish to the satisfaction of the Commission that respondent had not been prejudiced by failure to give the written notice and thereby furnish justification for a ruling by the Commission that his failure was excused. Rosbottom v. Moorlane Co., 190 Okl. 562, 125 P.2d 970, and cases therein cited. The Commission

772

found that he had not met that burden and that respondent was prejudiced by his failure to give the written notice. There is ample evidence to sustain that finding.

■ We have many times held that where the Commission makes such finding it will not be disturbed on review where reasonably supported by the evidence.

Order denying compensation sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and JACKSON, JJ., concur.