**UNITED STATES GYPSUM COMPANY, a Corporation, Petitioner,**

**v.**

**STATE INDUSTRIAL COMMISSION and Frank Pendleton, Respondents.**

No. 37546.

Supreme Court of Oklahoma.

Feb. 12, 1957.

Rhodes, Crowe, Hieronymus & Holloway, Oklahoma City, for petitioner.

Murphy & Firestone, Kingfisher, and Mac Q. Williamson, Atty. Gen., for respondent.

BLACKBIRD, Justice.

On November 3, 1955, Frank Pendleton, hereinafter called claimant, filed his first notice of injury and claim for compensation, stating that on August 22, 1955, while in the employ of the United States Gypsum Company, he sustained an accidental injury arising out of and in the course of his employment when he injured his back. The trial commissioner first denied an award. On May 3, 1956, the State Industrial Commission vacated the order denying the award and entered an award which is in part as follows:

"That on August 22, 1955, claimant while in the hazardous employment of respondent sustained an accidental personal injury; arising out of and in the course of his employment, consisting of an injury to his back, resulting in aggravation of pre-existing arthritis.

"That claimant did not give written notice of said injury but respondent had actual notice and was not prejudiced by lack of written notice.

"That at the time of said injury claimant's average wages were sufficient to entitle him to compensation at the rate of $28.00 per week.

"That as a result of said accidental personal injury claimant sustained 10 per cent permanent partial disability to his body as a whole, for which he is entitled to 50 weeks compensation at $28.00 per week or $1400.00, all of which has accrued at this time."

This proceeding is brought by United States Gypsum Company, own risk, hereinafter called petitioner, to review the award.

■ It is first argued that the award is not supported by any competent evidence. We do not agree. Claimant testified that on August 22, 1955, he was working with a "rock buster," which is an instrument operated by hand, when he strained his back causing the disability. He testified that he commenced his employment with United States Gypsum Company in 1941; that he had worked regularly from 1947, until the date of the accidental injury. When he sustained the injury he stopped work and walked around for a while and then informed a fellow employee that he had hurt himself. The employee loaded claimant's "rock buster" and took it to the shop and claimant did not work any more that day. The accident occurred about 3:30 in the afternoon. Claimant went home at the close of the day's work but could not sleep that night. The next morning at 5 o'clock he went to Clinton to see a doctor. About two or three weeks after the accidental injury he told the personnel manager of the employer about the accidental injury. Dr. M and Dr. P stated that claimant had a disability due to the accidental injury of August 22, 1955, and Dr. M fixed his disability at 25 per cent.

■ Under the holdings of this court in Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; Acme Material Co. v. Wheeler, Okl., 278 P.2d 234; and Standard Roofing & Material Co. v. Ross, Okl., 279 P.2d 947, 948, there is competent evidence reasonably tending to support the finding of the State Industrial Commission that by reason of the accidental injury of August 22, 1955, claimant has a disability of ten per cent to the body as a whole. In Standard Roofing and Material Co. v. Ross, supra, we said:

"Where an accidental personal injury, arising out of and in the course of employment and within the terms of the Workmen's Compensation Law, aggravates and lights up a pre-existing physical condition, the injured employee is, nevertheless, entitled to compensation therefor. Patrick & Tillman Drilling Co. v. Gentry, 156 Okl. 142, 9 P.2d 921."

■ Petitioners argue that the State Industrial Commission erred in its finding as to notice. It is contended that since no statutory written notice was given the State Industrial Commission erred in find-

ing that actual notice was given and that the petitioner was not prejudiced by a failure to give said statutory written notice. Although the testimony is in conflict the State Industrial Commission was authorized to find that the day after the accidental injury the son of claimant informed the personnel manager or foreman of the accidental injury and that within three weeks after the accidental injury claimant reported to the personnel manager the details of the accidental injury. Under the holdings of this court in Fischer-Kimsey Co. v. King, 196 Okl. 92, 162 P.2d 519; Skelly Oil Co. v. Grimm, 196 Okl. 122, 163 P.2d 234; Oklahoma Steel Castings Co. v. Cates, 195 Okl. 646, 163 P.2d 1013; and Frank & Sharp v. Whiting, Okl., 276 P.2d 759, there is competent evidence to sustain the finding as to notice. In Skelly Oil Co. v. Grimm, supra, we said [196 Okl. 122, 163 P.2d 237]:

"We therefore hold that where there is competent evidence to sustain the finding that the employer has not been prejudiced by a failure to give the statutory written notice and the State Industrial Commission has excused the giving of the statutory written notice on this ground this court will not disturb the award, otherwise properly entered, simply because in excusing the giving of the statutory written notice the State Industrial Commission has stated that the employer has had 'actual notice.' "

The State Industrial Commission was authorized to excuse the giving of the statutory written notice.

■ Finally petitioner argues that the State Industrial Commission was not authorized to vacate the award and to enter the award as made. It cites Hammon v. Oklahoma Gas & Electric Co., 202 Okl. 332, 213 P.2d 556; Amerada Petroleum Corp. v. Hester, 188 Okl. 394, 109 P.2d 820; Consumers Co-operative Ass'n v. Titus, 201 Okl. 344, 205 P.2d 1162. These cases are not in point. We have discussed the authority of the State Industrial Commis-

sion to vacate an award of the trial commissioner in Shell Pipe Line Corp. v. Newman, Okl., 278 P.2d 238. In this connection petitioner argues the evidence introduced does not support a finding of aggravation of an arthritic condition. Although most of the testimony of claimant tended to disclose a herniated disc, there is evidence in the record that any accidental injury of this nature would aggravate an arthritic condition. In fact the testimony of expert witnesses for petitioner was to the effect that arthritis alone caused the disability. The State Industrial Commission was authorized to vacate the award made by the trial commissioner and to enter any award supported by the evidence. There is competent evidence reasonably tending to support the finding of the State Industrial Commission that claimant has a ten per cent disability due to an aggravation of the arthritic condition.

Award sustained.