Walter REINTS, Reints Sash and Door Company and Hardware Mutual Insurance Company of Minnesota, Petitioners,

v.

Minnie Ella DIEHL, Claimant (In the Matter of the Death of Cecil Boyd Diehl), O. A. Cargill and John Chiaf, her Attorneys and the State Industrial Commission, Respondents.

No. 37767.

Supreme Court of Oklahoma.

Oct. 1, 1957.

Rehearing Denied Nov. 13, 1957.

John F. Eberle, Richard Spooner, Oklahoma City, for petitioners.

Cargill, Cargill & Chiaf, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Vice Chief Justice.

This is a second appeal in a proceeding commenced by claimant. See Reints v. Diehl, Okl., 303 P.2d 641, 652. Claimant brought a proceeding to recover under the death benefit provisions of 85 O.S.1951 § 22 for the accidental death of her husband, Boyd Diehl, which occurred January 15, 1952. The State Industrial Commission entered an award. This court vacated the award and directed the State Industrial Commission to conduct further proceedings. Further proceedings were conducted and an award entered excusing the giving of the statutory written notice provided by 85 O.S.1951 § 24, and providing for the maximum $13,500 for the claimant and this proceeding is brought to review the latter award.

■ Petitioners argue that the evidence does not support the finding that Boyd Diehl sustained an accidental injury arising out of and in the course of the employment. A review of the former opinion leads to the conclusion that we are precluded by said opinion from considering this question. The court determined that the evidence was sufficient to sustain the finding that Boyd Diehl died by reason of an accidental injury arising out of and in the course of his employment. In vacating the award and remanding the cause to the State Industrial Commission the court stated:

"* * * If such evidence should show that said employer had no such notice or knowledge, and was thereby prejudiced, the claim is barred. If such evidence shows that respondents had actual notice or knowledge of said injury, or for any other reason authorized by sec. 24, supra, the giving of the 30-day notice prescribed by said section, should be excused and the Commission so finds, then claimant is entitled to the award."

■ The question of whether Boyd Diehl sustained an accidental injury resulting in death arising out of and in the course of his employment was finally determined and cannot be further considered. We shall now consider the alleged error in excusing the giving of the statutory written notice under the provisions of said section 24, supra. This court has discussed the excusing of the giving of the statutory written notice required by said section in the following cases: Massachusetts Bonding & Ins. Co. v. Welch, 195 Okl. 636, 159 P.2d 1017; Fischer-Kimsey Co. v. King, 196 Okl. 92, 162 P.2d 519; Skelly Oil Co. v. Grimm, 196 Okl. 122, 163 P.2d 234; Oklahoma Steel Casting Co. v. Cates, 195 Okl. 646, 163 P.2d 1013; Shell Oil Co., Inc. v. Thomas, 202 Okl. 190, 211 P.2d 263; Gulf Oil Co. v. Rouse, 202 Okl. 395, 214 P.2d 251; Bash-Ross Tool Co. v. State Industrial Commission, (Okl.) 289 P.2d 659; and United States Gypsum Co. v. State Industrial Commission, Okl., 307 P.2d 135. In Oklahoma Steel Casting Co. v. Cates, supra, it is stated [195 Okl. 646, 163 P.2d 1014]:

"The rule applicable in the case at bar is that the State Industrial Commission is authorized to excuse the giving of the statutory written notice (1) where for some reason the injured employee was unable to give the same; (2) on the ground that the em-

ployer has not been prejudiced by a failure to give the statutory written notice. Oklahoma Pipe Line Co. v. Putnam, 162 Okl. 52, 18 P.2d 1095; Massachusetts Bonding & Ins. Co. v. Welch, 195 Okl. 636, 146 P.2d 995; Rosbottom v. Moorlane Co., 190 Okl. 562, 125 P.2d 970; Oklahoma Natural Gas Co. v. White, 187 Okl. 627, 105 P.2d 225; Massachusetts Bonding & Ins. Co. v. Satterfield, 188 Okl. 154, 108 P.2d 218; and Greis v. Rhamy, 184 Okl. 390, 87 P.2d 658. In Oklahoma Pipe Line Co. v. Putnam, supra, it was held that where the State Industrial Commission has excused the giving of the statutory written notice for either of said reasons and there is any competent evidence reasonably tending to support the same, this court will not disturb the finding made thereon."

In Skelly Oil Co. v. Grimm, supra, it is stated [196 Okl. 122, 163 P.2d 237]:

"We therefore hold that where there is competent evidence to sustain the finding that the employer has not been prejudiced by a failure to give the statutory written notice and the State Industrial Commission has excused the giving of the statutory written notice on this ground this court will not disturb the award, otherwise properly entered, simply because in excusing the giving of the statutory written notice the State Industrial Commission has stated that the employer has had 'actual notice.' "

The finding made by the State Industrial Commission is as follows:

"The Trial Judge further finds that claimant is excused from giving the 30-day written notice as provided by Statute, for the reason that the respondent had actual knowledge of said accident.

"That in the event the respondent did not have full and actual knowledge of the claimant's physical condition at the time, or within the 30-day' time provided by law, respondent was not prejudiced by such failure on the part of the claimant to give notice of the full nature and extent of said accident, since such notice as they actually had caused them to call in their adjuster, who made a full and complete investigation to 'determine whether or not deceased sustained an accidental personal injury, arising out of and in the course of his employment' as so stated by the adjuster."

■ The original opinion mentions the fact that petitioners were informed of the accidental injury immediately. On the subsequent hearing the evidence was adduced that not only did claimant inform the employer, including Mr. Reints the manager of the employer, of the accidental injury and the death but that the agent for the petitioner insurance carrier made a complete investigation after such information.

One of the chief arguments in the former opinion was that in the claim filed in April of 1952 it was alleged that Boyd Diehl died from a blow on the head when he fell from a box; that in May 1955 claimant filed an amendment in which it was asserted that Boyd Diehl died from an injury sustained while loading lumber. This proposition is fully treated in the original opinion. It is now argued there is no competent evidence that reasonably tends to support the finding of the State Industrial Commission that in failing to have notice of this latter claim petitioners were not prejudiced. It is not necessary to review the other evidence detailed in the first opinion relating to the amended claim. The official reports made upon the death of Boyd Diehl were available to petitioners. We find competent evidence in the record authorizing the State Industrial Commission to make the finding that the employer or insurance carrier were not prejudiced by failure to give the statutory written notice.

■ The petitioners in their proposition No. 4 complain:

"That the trial commissioner and the Commission en banc erred in admitting evidence and testimony in favor of

claimant and erred in excluding evidence and testimony in favor of the respondent and insurance carrier."

That assignment or proposition does not emphasize or argue any specific item of evidence that was erroneously admitted or erroneously excluded, and our examination of the record does not disclose any substantial error on either of these points which would be prejudicial to the rights of petitioner.

A review of the record discloses that petitioners were granted a full and complete hearing on the issues presented. We find no error in the action of the Commission or the Trial Commissioner in this request.

Award sustained.