KERR–McGEE OIL INDUSTRIES, INC., a Corporation, and American Motorists Insurance Company, a Corporation, Petitioners,

v.

STATE INDUSTRIAL COMMISSION and Ollie O. Leach, Respondents.

No. 38363.

Supreme Court of Oklahoma.

March 24, 1959.

Kerr, Conn & Davis, by Claude H. Mullendore, Jr., Oklahoma City, for petitioners.

Herbert Hope, C. O. Hunt, Pauls Valley, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Ollie O. Leach, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed as a roughneck for Kerr-McGee Oil Industries, Inc., a Corporation, he sustained an accidental injury arising out of and in the course of his employment on October 29, 1954, when he injured his right ankle, left hip and leg and hurt his back. Total temporary disability was paid without a hearing and the employer and its insurance carrier filed motions to discontinue payments for temporary disability. The final motion was heard on May 13, 1958, following which an award was entered which reads in part as follows:

"That on October 29, 1954, claimant herein was in the employ of respondent and on said date sustained a compensable injury to both legs and back; that his wages were sufficient to fix his compensation rate at $28.00 per week; that claimant was furnished medical attention and paid temporary total compensation in the amount of $4,760.00, or 170 weeks.

"That claimant is now permanently totally disabled to perform ordinary manual labor, as a result of said injury, and respondent or its insurance carrier is ordered to pay claimant $14,-000.00, less the $4,760.00 above mentioned, at the rate of $28.00 per week, from date of February 5, 1958, of which 14 weeks are due and payable to May 14, 1958, in the amount of $392.00,

balance of order to be paid at the rate of $28.00 per week from May 14, 1958."

This proceeding is brought by the employer and its insurance carrier, American Motorists Insurance Company, a Corporation, hereinafter called petitioners, to review the award.

In a single proposition petitioners argue there is no competent evidence reasonably tending to support the award insofar as it finds claimant is totally and permanently disabled. The record discloses that claimant while employed by Kerr-McGee Industries, Inc., sustained a serious accidental injury to his right ankle, left hip and leg and both knees. There was a compound fracture of the left femur. He also claims a back injury permanent in nature and this claim is supported by the reports of his medical experts. He was placed in the hospital and given surgery and paid temporary total disability to and including the 5th day of February, 1958. He has not done any work since the date of the accidental injury and the evidence offered by his expert witnesses is that he is unable to perform any manual labor. It is not disputed that the temporary disability has ended.

Petitioners filed medical reports of four different doctors, including a doctor appointed by the State Industrial Commission. These reports state there is no disability due to a back injury. They fix the degree of permanent disability not to exceed 30 per cent to the body as a whole.

In a report filed March 12, 1958, Dr. S stated:

"In my opinion this man is permanently and totally disabled because of his multiple physical disabilities and because of his inability to work without pain."

In addition to this Dr. B stated claimant was permanently and totally disabled unless his disability was corrected by an operation. Petitioners argue the statement of Dr. B is based on conjecture and surmise. They cite Bergstrom Painting Co.

v. Pruett, 205 Okl. 291, 237 P.2d 453. In that case the doctor stated claimant had a temporary total disability and in the future would have a 25 per cent permanent partial disability. This court held the award for permanent disability based on the statement of the doctor was based on speculation, conjecture and surmise. Petitioners also cite Four States Oil & Gas Co. v. Brecht, Okl., 290 P.2d 422. Therein it is stated there was a total absence of any medical testimony to disclose the cause of hernia.

 Petitioners do not dispute the competency of the medical evidence offered by Dr. S but argue claimant was never treated by Dr. S but was treated by some of the doctors who filed reports for them. The effect of the argument of petitioners is to ask this court to weigh the evidence of the medical expert witnesses and change the finding of the State Industrial Commission based thereon. We have repeatedly refused to weigh the evidence in such cases. The extent of disability caused by an accidental injury is a question of fact and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission an award based thereon will not be disturbed on review. Hubbard Drilling Co. v. Moore, 158 Okl. 130, 12 P.2d 897; Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847; Smith Const. Co. v. Price, 178 Okl. 423, 63 P.2d 108; Oklahoma Steel Castings Co. v. Cates, 195 Okl. 646, 163 P.2d 1013; Douglas Aircraft Co. v. Snider, 196 Okl. 433, 165 P.2d 634; and Muskogee Iron Works v. Chatman, Okl., 295 P.2d 777. In Standard Roofing & Material Co. v. Mosley, supra, it is stated:

> "The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

In Mudge Oil Co. v. Wagnon, 193 Okl. 466, 145 P.2d 185, it is stated:

> "Testimony of medical witness to facts ascertained by examination of an injured employee is competent evidence. This court will not in a compensation proceeding weigh conflicting evidence to ascertain where the preponderance lies as to extent of disability."

There is competent evidence reasonably tending to support the award.

Award sustained.