**Estol R. SIMMONS, Petitioner,**

v.

**OKLAHOMA CEMENT COMPANY, Travelers Insurance Company, and State Industrial Court, Respondents.**

**No. 40403.**

Supreme Court of Oklahoma.

July 21, 1964.

Marx Childers, Oklahoma City, Carl Longmire, Pryor, for petitioner.

Sanders, McElroy & Whitten, Tulsa, for respondents.

WILLIAMS, Justice.

The question involved in this original proceeding is whether there is any competent evidence reasonably tending to support the order of the State Industrial Court of June 27, 1962, denying to claimant any compensation and medical expenses for the reasons that the employer "did not have actual knowledge of claimant's said injury, was not notified by claimant either orally or in writing within thirty days from the date of said accidental injury, as required by law and such failure on the part of said claimant to so notify" employer "has resulted in prejudice to the" employer.

The Industrial Court in addition to the recited finding further found that claimant on May 15, 1961, sustained an accidental injury to his back. The finding as to the back has become final and is not before the Court in this proceeding.

For vacating the order to which reference has been made, claimant advances two propositions. The first is that "The finding of the trial judge that the claimant failed to give actual knowledge of his accidental injury arising out of and in the course of his employment is not supported by the evidence". Under this proposition claimant contends that "Mr. Hinkle, the superintendent [for the employer], testified that he [the kiln burner] did have authority to receive notice and that he could definitely produce the name of the burner in charge on that date, yet the respondent did not see fit to produce such witness to refute the uncontradicted testimony of the claimant, that claimant did so notify such burner and that such burner did have authority to receive the notice".

The claimant, in addition to testifying that he told the kiln burner that he had injured his back, testified that he told Mr. Brandon, a foreman, about the injury. Mr. Brandon testified that claimant did not tell him about the injury and that he had no knowledge of it. Mr. Hinkle, plant superintendent for employer, testified that he had no knowledge of claimant's having received an injury; that he had checked with his

foremen and none of them knew anything about claimant receiving an injury; that "half of them don't even know him". Dr. D., to whom claimant initially went for treatment, testified that claimant gave him no history of an accidental injury until some six weeks after the date of injury. Dr. W., who operated on claimant, in his medical report which was introduced in evidence, did not connect claimant's back condition to an injury sustained while working for employer. Mr. Swearingin testified that he worked with claimant and that he did not know anything about the injury. Claimant denied working with Swearingin.

■ In considering the claimant's argument that his testimony that he reported the injury to the kiln burner stood uncontradicted and, therefore, the trial tribunal should have found that the employer had actual notice of his injury within thirty days, we consider applicable the following language of this Court in the case of Hackley v. Dalles Nursing Home, Okl., 372 P. 2d 586, 587, 588:

"The evidence as to the occurrence of the accident was contradicted by the employer who testified that the happening of a fall was not 'mentioned' to her either by claimant or the other nurses; claimant did not, at the time of her alleged accident, 'appear to be injured in any way'. An adjuster for the insurance carrier related that claimant's witness could not have been able physically to see the fall from the place where she said she was standing when the injury allegedly occurred. The report of several physicians corroborated the employer's testimony that claimant did not sustain an injury.

"The State Industrial Court has the power to weigh the evidence and pass upon the credibility of witnesses appearing before it. Much like a jury it may draw reasonable inferences from facts and circumstances adduced. It is also at liberty to refuse credence to any portion of the testimony deemed unworthy of belief and is not compelled to accord credence to the greater amount of evidence as against the lesser. Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847; Burch v. Slick, 167 Okl. 639, 31 P.2d 110. In Hanes v. Magnolia Pipe Line Co. et al., 194 Okl. 657, 154 P.2d 53, this Court held:

" 'Where an accidental injury is an issue and the evidence thereon is in conflict, the State Industrial Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony.'

"As shown by our outline of the evidence, whether claimant sustained an accidental injury from a fall in the course of her employment was a controverted question of fact. The State Industrial Court was authorized to consider all the relevant and competent evidence, including the expert opinion which indicated that claimant suffered no injury, and then make its determination as to where the preponderance of the evidence lay. Hanes v. Magnolia Pipe Line Co. et al., supra; Terry Motor Company v. Mixon, Okl., 361 P.2d 180; Scaggs v. Lindsey Well Service, Inc., Okl., 366 P.2d 945. It is neither the duty nor the province of this Court to interfere with such factual determination of the trial tribunal when founded, as here, on competent evidence. 85 O.S.1961 § 26; Ward v. Whitehill Oil Co. et al., 203 Okl. 277, 220 P.2d 254; Greer v. Sinclair Pipe Line Company, Okl., 356 P.2d 356."

In the case of Holt v. Gillette Motor Transport, Okl., 293 P.2d 616, 618, we said:

"We have also held that under Tit. 85 O.S.1951, § 24, the burden is on the injured employee to establish to the satisfaction of the State Industrial Commission that he was unable to give the statutory written notice or that the employer has not been prejudiced

thereby; and where the State Industrial Commission denies an award for failure to give the statutory notice and there is evidence reasonably tending to support its order, the decision of the State Industrial Commission is final and will not be disturbed on review. Ferguson v. Pools by Paddock, Okl., 282 P.2d 770; Rosbottom v. Moorelane Co., 190 Okl. 562, 125 P.2d 970; Johnson v. E. I. Du Pont De Nemours and Co., Inc., 201 Okl. 206, 203 P.2d 717."

■ Since it stood without dispute that claimant did not give written notice, the only issue formed before the trial tribunal was the fact and adequacy of "actual notice". When considered in the light of the issue so submitted, it is unmistakable that the language employed in the order is amply sufficient to constitute a finding negating the fact of adequate verbal notification to the employer within the requisite thirty day period. The finding as made is therefore responsive to and dispositive of the sole adjudicatory fact tendered by the evidence.

Claimant's second proposition is of effect, that the failure to give notice, if the same did exist, did not result in prejudice to the employer and is not supported by the testimony of any witness. In such proposition claimant contends "that the respondent was not prejudiced by the claimant's failure to procure medical treatment since he did go to Doctor Dennis three weeks and one day after his injury, or on the 6th day of June, 1962 (CM7); took the usually recommended traction for four days in Doctor Moot's hospital and then was operated on for a ruptured disc by Doctor Frank Wolfe, who fused his lumbar spine (CM8) and that later on he went to the Veteran's Hospital in October of the same year." Petitioner further contends that this medical treatment was obtained as soon as the claimant saw the necessity for the treatment and that the respondent was not prejudiced by such action since Superintendent Hinkle himself testified: 'A man can go to his own doctor if he wishes * * * it cultivates good plant relations".

■ The purpose of the statute, 85 O.S. 1961 § 24, requiring the employee to give written notice of his injury is to furnish his employer prompt information in order that he may make a timely investigation of the accident in order to determine the nature and extent of the injury and to provide prompt medical treatment to prevent or minimize resulting disability. Gulf Oil Corporation v. Kincannon, 203 Okl. 95, 218 P.2d 625; Jones v. Oliver, 204 Okl. 164, 228 P.2d 173.

■ The record discloses that after sustaining his injury on May 16, 1961, claimant did not file his claim for compensation until September 15, 1961. Under the employer's evidence, it had no notice that the employee claimed to have sustained an injury until after he had filed his claim for compensation. At such time claimant had been operated on for such injury. On the basis of such evidence, it will thus be noted that employer had no notice that claimant sustained an injury until four months after the injury occurred and some five weeks after surgery was performed. Apparently the employer had no opportunity to make a timely investigation in order to determine whether petitioner had in fact sustained an accidental injury, and, if so, the nature and extent thereof. Further, apparently the employer had no opportunity to have claimant examined by a doctor of its choice prior to the date of surgery. Dr. S., in his medical report introduced in evidence by the employer, stated: " * * * We are, however, unable to relate the disability at the present time to any accident, as we did not see this patient prior to surgery. It is, therefore, impossible for us to state any permanent disability at the present time that is related to any accident." The evidence is sufficient to support the finding of the Industrial Court that employer was prejudiced by reason of claimant's failure to give the notice and to sustain order denying compensation.

The case of Morton v. State Industrial Commission, 181 Okl. 157, 73 P.2d 136, 137,

contains the following language which we have since quoted in several opinions:

"Petitioner as grounds for the vacation of the order urges that his evidence was sufficient to establish the fact that the employer had actual notice of his injury and thus negatived any presumption of prejudice in the absence of proof by the employer that prejudice had nevertheless resulted. In support of this contention petitioner cites and relies upon the cases of Oklahoma Gas & Electric Co. v. Thomas, 115 Okl. 67, 241 P. 820; Maryland Casualty Co. v. Osborn, 166 Okl. 235, 26 P(2d) 934; City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.(2d) 1094. Had the commission found that the employer had actual notice of petitioner's accidental injury, then the cited cases would be excellent authority for the contention advanced, but, since the commission found contrary to the petitioner's claim, a different situation is presented. The applicable rule is that stated in Turner v. Earl W. Baker & Co., 153 Okl. 28, 4 P.(2d) 739, 741, wherein this court said: 'The question of whether or not an employer under the Workmen's Compensation Law [Act] was prejudiced by the failure of an injured employee to give the thirty days' notice required by section 7292. C.O.S.1921 [85 Okl.St.Ann. § 24], is a question of fact to be determined by the commission.'

"Where a question of fact in connection with administering relief under the Workmen's Compensation Law arises, this court will not weigh the evidence and disturb the finding of the State Industrial Commission thereon, the rule. being stated in McKeever Drilling Co. v. Egbert, 170 Okl. 259, 40 P.2d 32, as follows: 'The decision of the Industrial Commission is final as to all questions of fact relating to administering relief under the act, and where there is any competent evidence reasonably tending to support the same,

the award of the Industrial Commission will not be disturbed on review by this court.'"

Order denying award sustained.

HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.